WILLIAM SPENCE, Appellant, *v.* ADOLPH SIMIS, Jr., Respondent.

137b 616
139  205

In order to uphold a compulsory order of reference on the ground that "the trial will require the examination of a long account" (Code Civ. Pro. § 1013) facts must be disclosed, either by affidavit or upon the face of the pleadings, from which the conclusion can fairly be drawn, that so many separate items of account will be litigated that a jury cannot keep the evidence in mind in regard to each of the items and give to it ·proper weight and application; it is not sufficient to show a possibility

that, in the course of the trial, an investigation as to the correctness of such an account may become necessary.

Plaintiff's complaint alleged deliveries of coal and wood to defendant upon fifteen different dates; that the same were worth the prices stated, and that defendant agreed to pay the same. The answer admitted the deliveries, but alleged no knowledge or information sufficient to form a belief that the quantity or value was as alleged in the complaint, or that defendant promised to pay the same. The answer also set up a counterclaim for services rendered and disbursements paid by defendant as attorney for plaintiff in four suits, two in the Supreme Court and two in Justice's Court. Upon demand, defendant served a bill of particulars in which each step in the four suits, and consultation in regard thereto, was set forth as a separate item. Plaintiff replied admitting defendant's retainer in the suits, but denied any knowledge sufficient to form a belief as to the nature or character of the services or their value The affidavit upon which this motion was made alleged that defendant's bill of particulars contained about 125 items, and that the trial of the issues would require "the examination of the long account on the part of both parties, consisting of almost one hundred and seventy-five charges and credits." *Held*, that the affidavit failed to show a long account was involved of such a character as to authorize a reference.

(Argued March 13, 1893; decided March 21, 1893.)

APPEAL from order of the General Term of the City Court of Brooklyn, made December 27, 1892, which affirmed an order of Special Term granting, on defendant's motion, a motion for a reference.

The following is the opinion in full:

"A party cannot be permitted to deprive his adversary of a trial by jury unless it affirmatively appears, with reasonable certainty, that the hearing of the case will require the examination of a long account. (Code, § 1013.) It is not sufficient to uphold a compulsory order of reference to demonstrate that there is a possibility that in the course of the trial the investigation of the correctness of such an account may become necessary. (*Thayer* v. *McNaughton*, 117 N. Y. 111.) Facts must be disclosed either by affidavit or upon the face of the pleadings, from which the conclusion can be fairly drawn that so many separate and distinct items of account will be litigated on the trial that a jury cannot keep the evidence in mind in regard to each of the items, and give it the proper weight and application when they retire to deliberate upon their verdict.

"The plaintiff is a dealer in coal and wood, and the main cause of action set forth in the complaint consists of a bill for coal and wood furnished the defendant during a period of three years, upon fifteen different dates, and which, it is alleged, were worth, and for which the defendant promised and agreed to pay, the sum of $248. The defendant, in his answer, admits the delivery of coal and wood, but avers that he has no knowledge or information sufficient to form a belief that it was of the quantity or value alleged in the complaint, or that he promised to pay the amount specified. The affidavit upon which the motion for a reference was made contains no additional facts, which is not strange, inasmuch as the defendant had alleged in his pleading that he had no knowledge or information sufficient to form a belief upon the subject.

"It is plain that there is not involved here a long account within the meaning of the term as it is used in the law, and as it has been construed and defined in the practice of the courts; and the defendant is unable to express even a belief that its establishment will require more than the brief examination of a single witness, who may have sold and delivered the goods to him. It is evident that the real controversy between the parties relates to the defendant's counterclaim, which is for attorney's services and disbursements in four different suits in the Supreme Court and Justices' Court, none of which constitutes a long account of such a character as to authorize a reference. (*Randall* v. *Sherman*, 131 N. Y. 669.)

"The orders of the General and Special Term must be reversed, with costs in all courts, and motion denied, with $10 costs."

*Frank S. Williams* for appellant.

*J. Newton Fiero* for respondent.

*Per Curiam* opinion for reversal.
All concur.
Orders reversed.