PATRICK CASSIDY et al., Respondents, v. JOSEPH MCFARLAND, Appellant.

A compulsory reference may not be ordered, either upon application of one of the parties to the action, or by the court upon its own motion, unless it affirmatively appears that the examination of a long account will be necessary upon the trial; to justify it, it is not enough to show that the case may, by possibility, involve the examination of such an account; enough must be alleged or shown to justify the inference that such will be the course of the trial.

This rule applies to equitable as well as to legal actions.

In an action to foreclose a mechanic's lien, the complaint alleged, in substance, these facts: W. contracted with McF. for the erection of three buildings upon the lands of the latter, for a gross sum specified. W. contracted to pay G. & S. a sum specified for the plumbing. Plaintiff furnished materials to G. & S. to an amount and value stated, of which a sum specified remained unpaid. More than that sum was due and unpaid on the contract between McF. and W., and also upon the contract between the latter and G. & S. Two of the defendants, who had done work for and furnished materials to W., filed liens and sought to foreclose them in the action. G. & S. did not answer. The defendants who answered denied knowledge sufficient to form a belief as to the averments of the complaint in regard to the materials furnished by plaintiff, their amount and value. McF. also denied that there was anything due to W., and he denied that he owed G. & S. any sum on their contract. The cause was referred by the court, upon its own motion, against the objection of the defendants. *Held*, error.

Upon appeal from the order of reference the General Term affirmed the same, "with costs." *Held*, that the respondent was simply entitled to ten dollars and printing disbursements. (Code Civ. Pro. § 3251.) That while the court was not required to fix the amount of these disbursements, but might direct in the order that they be taxed by the clerk, without such direction that officer had no authority to fix their amount.

(Argued June 19, 1893; decided October 3, 1893.)

APPEAL from an order of the General Term of the Court of Common Pleas of the city of New York, made the first Monday of November, 1892, which affirmed an order of Special Term granting a motion for a reference and appointing a referee. This appeal was argued and decided by this court without opinion March 14, 1893 (137 N. Y. 609), and on April 18, 1893, a reargument was ordered (138 N. Y. 614). Appeal also from order of same General Term, made the first Monday of January, 1893, which affirmed an order of Special Term denying a motion by defendants for a retaxation of costs under the order affirming the order of reference.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George A. Stearns* for appellant. The pleadings show that the trial will require the decision of difficult questions of law. (*Schroeder* v. *Galland*, 134 Penn. St. 277; *Benedict* v. *Hood*, Id. 289; *Noar* v. *Gill*, 111 id. 488.) The court had no power or authority to make the order for a compulsory reference without proof before it of the statutory conditions. (*Thayer* v. *McNaughton*, 117 N. Y. 111; *C. B. K. M. Co.* v. *Molton*, 16 N. Y. Supp. 65.) The pleadings do not show that the trial of the action will involve the examination of a long account. (*Kimble* v. *Mason*, 16 N. Y. Supp. 72; *Cornell* v. *U. S. I. Co.*, Id. 306; *Thayer* v. *McNaughton*, 117 N. Y. 111.) The account means an account in the ordinary acceptation of that term. (*Willard* v. *D. & W. Co.*, 48 Hun, 402; *Untermyer* v. *Beinhauer*, 105 N. Y. 521; *Merritt* v. *Vigelius*, 28 Hun, 420.) The account to be examined must be the immediate object of the action or a compulsory reference is unauthorized. (*Camp* v. *Ingersoll*, 86 N. Y. 433; *Keller* v. *Payne*, 51 Hun, 316; *Read* v. *Lozier*, 31 id. 286; *Childs* v. *Mayer*, 5 N. Y. Supp. 340; *Simmons* v. *Bigelow*, 6 id. 435.) There is no difference in the statutory conditions whether the action is one triable by the court or by a jury. (*Barnes* v. *West*, 16 Hun, 68; *Read* v. *Lozier*, 31 id. 286.) There is no evidence

of the statutory condition that the trial of the action will not
require the decision of difficult questions of law. (Code Civ.
Pro. § 1013.) The questions of law which the statute con-
templates as referable are such as usually and commonly arise
in the taking and stating of an account, and all other questions
of law are difficult within the meaning of the statute. All
other questions of law must be decided by the court, but
under section 1015, any account incidentally or collaterally
arising can thereafter be referred to be taken and stated.
(*Wheeler* v. *Falconer*, 7 Robt. 45; *Magown* v. *Sinclair*, 5
Daly, 63; *Dane* v. *L. & G. Ins. Co.*, 21 How. Pr. 259; *Levy*
v. *B. F. Ins. Co.*, 25 Wend. 687; *Shaw* v. *Ayr*, 4 Con. 52;
*Ives* v. *Vandewater*, 1 How. Pr. 168.)

*Thos. C. Ennever* for respondent. This appeal should be
dismissed. (*Welsh* v. *Darrah*, 52 N. Y. 590; *Martin* v. *W.
II. Co.*, 70 id. 101; *Harrington* v. *Bruce*, 84 id. 103; *Camp*
v. *Ingersoll*, 86 id. 433; *Thayer* v. *McNaughton*, 117 id.
111; *Spence* v. *Simis*, 137 id. 616.) The trial of this action
involved the examination of a long account, and did not
require the decision of difficult questions of law, and the order
of reference was properly made. (Code Civ. Pro. § 1013.)
There was no difficult question of law involved in the trial of
the action. (*Miller* v. *Mead*, 127 N. Y. 544; *Dewey* v. *Field*,
13 How. Pr. 437.) The trial of the action would directly
involve the examination of a long account. (*Evans* v. *Kalb-
fleisch*, 16 Abb. Pr. [N. S.] 14.) An account was directly
involved between the parties to this action. (*Kimble* v.
*Mason*, 16 N. Y. Supp. 72.) The provision of the Code was
intended for the benefit of the court. (*Goodyear* v. *Brooks*,
4 Robt. 682.)

MAYNARD, J.   This action was brought to foreclose a
mechanic's lien for plumbing and gas fitting materials, furnished
the defendants Gorman and Sylvander, who were sub-con-
tractors, to do the plumbing in the course of the erection of
three buildings in New York city for the defendant Frederick

Wood, who was the contractor for the erection of the buildings for the defendant Joseph McFarland, the owner of the premises. McFarland was to pay Wood $67,158 for the erection and completion of the three buildings, and Wood was to pay Gorman and Sylvander $6,195 for the plumbing. The complaint alleges that the amount and value of the materials furnished by the plaintiffs are $4,382.00, no part of which has been paid, except $375 ; that there is more than $4,007 due and unpaid on the contract between McFarland and Wood, and more than that sum due and unpaid on the contract between Wood and Gorman and Sylvander. Gorman and Sylvander did not plead. Two of the other defendants, Orlofski and Cornet, filed liens and sought to foreclose them in the action, both against Wood, the contractor; one for painting work and material to the amount of $710, and the other for sand furnished to the amount of $900. All of the defendants, separately answering, deny that they have any knowledge or information sufficient to form a belief as to whether the plaintiffs furnished the materials, and they were of the amount and value alleged. McFarland denies that there is anything due Wood on his contract, and Wood denies that he owes Gorman and Sylvander any sum on their contract.

There are various other defenses, but they are not material to be considered here.

The plaintiffs did not notice the cause for trial, but it was noticed by the defendants McFarland and Wood, and placed upon the calendar, and then referred by the court, upon its own motion, against the objection of the defendants, upon the ground that it appears from the pleadings that the trial of the action would involve the examination of a long account, and that no difficult questions of law were involved. The General Term affirmed the order of reference, and the defendant has brought this appeal.

The order cannot be affirmed, we think, without disregarding repeated decisions of this court. In *Kain* v. *Delano* (11 Abb. [N. S.] 29), it was held that a compulsory reference could not be ordered, unless it affirmatively appeared that

the examination of a long account was necessarily involved upon the trial. In *Thayer* v. *McNaughton* (117 N. Y. 111), it was held that it is not enough to justify a compulsory reference that the case may, by possibility, involve the examination of a long account; that enough must be alleged or shown to justify the inference that such will be the course of the trial, and that the same rule applies to equitable as to legal actions. In *Spence* v. *Simis* (137 N. Y. 616), it was held that a compulsory reference could not be ordered unless it appeared with reasonable certainty that the hearing of the case will require the examination of a long account. It is not necessary that this proof shall be made by affidavit; it is sufficient if the fact clearly appears from the verified pleadings that the examination of a long account will be involved in the trial of the issues. The referable quality of the action must also be determined from the complaint. (*Welsh* v. *Darragh*, 52 N. Y. 590; *Untermyer* v. *Beinhauer*, 105 id. 521.) The General Term sustained the order because the plaintiff's lien was for plumbing material furnished for the equipment of three buildings, and, as he would be required to make proof of the quantity and value, the conclusion could be drawn that a long account was necessarily involved. We do not think that such an inference is permissible. For aught that appears the materials were all furnished at one time and constituted but one bill. Ch. J. Bronson denied a reference in *Swift* v. *Wells* (2 How. Pr. 79), on the ground that one bill of goods containing fifty different items, delivered at the same time, was but one item, and this court, in the recent case of *Spence* v. *Simis* (*supra*), held that a bill for coal and wood, furnished upon fifteen different occasions during a period of three years, did not necessarily make a long account within the meaning of the statute. The utmost that could properly be inferred is that there might be a separate bill for each building, and thus that there might be three items of plaintiff's claim. But the plaintiffs allege that the defendants Gorman and Sylvander agreed to pay for the materials furnished a specified sum in gross, and if this allega-

tion is sustained by the proof, as it may be, no investigation would be necessary in regard to the value of the several items, however numerous.

It is also apparent from the condition of the pleadings, that it is not probable that there will be any actual controversy as to the materials furnished or their value. The defendants Gorman and Sylvander, who purchased them, make no defense, and so admit the averments of the complaint for the purposes of this action. They are, presumably, the only parties, other than the plaintiffs, who have any personal knowledge upon the subject. The other defendants do not deny that the materials were furnished, and that they were of the value alleged, or that Gorman and Sylvander agreed to pay the price specified, or that they were used in the construction of the buildings. They are content to allege that they have no knowledge or information sufficient to form a belief as to the truth of these allegations. It must, therefore, be presumed that there is no witness, or other source of proof known to them, by means of which the falsity of the plaintiff's demand can be established, or they could not have truthfully made this statement on oath.

It is true that by this form of denial the plaintiffs may be required to make proof of the details of their claim. But the examination of a long account, which the Code contemplates, is something more than mere formal proof of its existence. It imports an actual contest as to the correctness of the different charges, or, at least, of several of them ; a prolonged examination of witnesses upon the issue, conflicting proof, and a judicial inquiry and determination as to each one of numerous litigated items. Although under a denial of this kind the plaintiff may be compelled to prove the sale and delivery of each article, yet if this proof is not controverted so as to bring directly in issue each item or several items, with respect to their delivery or their value, it is plain that there will not be such an investigation of a long account, within the meaning of the statute, as to authorize a compulsory reference.

It is insisted that under the pleadings the plaintiffs must prove performance by Gorman and Sylvander of their contract

with Wood, and the amount due from Wood, and also· performance by Wood of his contract with McFarland, and the amount due from McFarland ; but it does not follow that the examination of a long account would be necessarily involved in such proof.   The amount to be paid the contractor in each case was a lump sum, and payments made thereon would not ordinarily be deemed an account in the legal sense.   Whether the work had been done as agreed would require a reference to the contract, plans and specifications, and, it may be, an ·examination of the work in detail ; but it cannot be presumed ·or inferred that the solution of such a question will, of necessity, impose upon the court the labor of determining the correctness of a disputed or complicated account.

Trial by a referee is an exceptional mode of judicial pro·cedure, and when it is sought to coerce a suitor into a submission to it, the burden is upon the party applying for a reference to show by satisfactory proof that the case is within the excepted class.   The rule is not different where the court, upon its own motion, undertakes to compel a reference.   If there is conflicting evidence as to whether the examination of a long account will be involved, the decision of the court below will not be reviewed here ( *Welsh* v. *Darragh*, 52 *N.* Y. 590) ; but where there is an entire failure of proof upon the point, as we think there is in this case, it becomes purely a question of law for our ·consideration.

The claim is made that experience has fully proved that "the proof of work done and materials furnished in mechanic's lien cases, under allegations such as are contained in the pleadings before us, always involves the examination of a long account," and that judicial notice might be taken of the knowledge which the court has thus acquired by experience in this class of cases.   While a court may take judicial notice of what ought to be generally known within the limits of its jurisdiction, the experience of judges in the trial of causes, however valuable it may be as an aid in the·administration of justice, cannot be substituted for proof of an essential fact upon a judicial hearing.   The results of the experience might vary with the dif-

ferent judges selected as the subjects of it. If we were to decide from the records which come here, we would be compelled to say that it has not infrequently happened in this class of cases that there was no real contest over any matter of account, but the questions actually litigated have involved the relative liabilities of owners, contractors and sub-contractors, and the conflicting rights of lienors, and other controversies not in anywise involving the examination of a long account.

As it is conceded that a trial of this cause has been had before the referee, we have been reluctant to reach a conclusion which will require a reversal of the order, but it cannot be avoided, we think, without overturning well-established principles which affect the substantial rights of litigants.

There is also an appeal here from an order of the General Term, affirming an order of the Special Term, denying a motion for a retaxation of costs. Upon the appeal from the order of reference, the General Term made an order affirming the same, " with costs," and not allowing any disbursements. The respondents procured the clerk to tax $10 costs and $9.06 disbursements for affidavits and acknowledgments, certified copies of orders, sheriff's fees on execution and printing points. The appellants objected to the taxation, on the ground that the clerk had no authority to tax costs or disbursements; that the order of the General Term did not fix the amount of costs, and that no disbursements could be allowed on the motion, except printing, and moved at Special Term for a re-taxation, which was denied. We think the motion should have been granted and the taxation set aside. Costs are the creature of the statute and cannot be imposed except in the cases authorized by its provisions. The clerk has no authority to tax costs, except such as may be conferred upon him by the statute or by the order of the court.

The hearing of the appeal at General Term is to be regarded as a motion for the purpose of costs, and the same sums might have been allowed as on the decision of a motion, $10, and printing disbursements. (§ 3251.) If this pro-

vision does not apply, then there is no authority for the allowance of costs upon such an appeal. Section 3256 has no application; it refers only to costs awarded in an action. Under section 3251, the costs must be fixed by the court at a sum not exceeding $10. This was omitted in the present case. As the customary allowance is the full sum of $10, the decision of the court, that the respondent have costs,. might properly be deemed a direction that he have the full amount, and the prevailing party might have caused that sum to be inserted in the order of affirmance when entered, and omitting to do so, the court might have amended the order upon motion. The order did not allow any disbursements. The utmost which could have been granted, under section 3251, were those for printing. The court is not required to fix the amount of these disbursements, but might direct in the order that they be taxed by the clerk. Without such a direction the clerk would have no authority to fix their amount. When so ordered he may adjust them and note his adjustment on the foot of the order, which will then show the exact amount of costs and disbursements allowed, and for the collection of which a precept can be issued.

The order of reference must be reversed, but as it was not made upon the respondent's motion, the reversal should be without costs in any court.

The order denying the motion for a re-taxation must be reversed and an order entered setting aside the taxation, with costs.

All concur.

Order reversed.