.LAWLER v. LENNON. (Supreme Court, Appellate Division, First Department. March 12, 1897.) Action by Edward B. Lawler against William F. Lennon. No opinion. Motion granted, with $10 costs.

LEWISTON & Y. F. RY. CO., Appellant, v. AYER et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. April 10, 1897.) Action by the Lewiston & Youngstown Frontier Railway Company against Charles Ayer and another. No opinion. Order affirmed, with $10 costs and disbursements.

LIPPMANN et al., Respondents, v. LEWIS, Appellant. (Supreme Court, Appellate Division, Second Department. April 20, 1897.) Action by Gustav Lippmann and Leopold J. Lippmann against Rachel Lewis. No opinion. Judgment of county court affirmed, with costs.

LITTLE, Respondent, v. O'BRIEN et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. April 10, 1897.) Action by Catherine Little against William O'Brien and others. No opinion. Judgment affirmed, with costs.

LIVINGSTON, Appellant, v. MOORE et al., Respondents. (Supreme Court, Appellate Division, Second Department. March 19, 1897.) Action by Robert S. Livingston against Edward Moore and others. No opinion. Order resettled. See 44 N. Y. Supp. 125.

LOADER, Respondent, v. LOADER, Appellant. (Supreme Court, Appellate Division, Second Department. April 20, 1897.) Action by Annie E. Loader against Joseph Loader. No opinion. Motion to dismiss appeal denied.

LOADER, Respondent, v. LOADER, Appellant. (Supreme Court, Appellate Division, Second Department. April 6, 1897.) Action by Annie E. Loader against Joseph Loader. No opinion. Motion granted unless appellant files printed papers and argues appeal on the third Monday of this month.

LOHMANN, Respondent, v. BUFFALO & N. F. ELECTRIC RAILWAY, Appellant. (Supreme Court, Appellate Division, Fourth Department. April 10, 1897.) Action by Louisa Lohmann against the Buffalo & Niagara Falls Electric Railway. No opinion. Judgment and order affirmed, with costs.

In re LORD'S ESTATE. (Supreme Court, Appellate Division, First Department. March 5, 1897.) In the matter of the estate of Benjamin Lord, deceased. A. Edward Woodruff, in pro. per. Louis A. Noble, for respondent.

PER CURIAM. The taxation by the clerk sought to be set aside was upon notice to the appellant, and the action of the clerk was affirmed upon an appeal from such taxation in December, 1894. Upon the appellant claiming that he was not liable for the costs, a motion was made for resettlement of the general term order so as to designate the appellant by name as the party to pay the costs, which was denied on the ground that it was unnecessary, as the order required the payment of said costs and disbursements by the respondent, who in that proceeding was the appellant here. The question of the taxation of these costs has therefore been twice presented,—once at the special term, and once at the general term; and this, seemingly, should have been an end of the matter. After the entry of judgment and the issuance of an execution, an order to examine the appellant in supplemental proceedings was granted. Thereupon a motion was made to set aside such order, upon the ground that the taxation originally made by the clerk was unauthorized, and the judgment founded thereon void. The motion was denied at the special term, and on appeal the order denying such motion was affirmed by this appellate division. Thereafter the appellant made this motion to set aside the taxation and the execution upon the ground that Cassidy v. McFarland, 139 N. Y. 201, 34 N. E. 893, sustains the proposition that no authority or power whatever was conferred upon the clerk to tax the disbursements, and that, therefore, the execution issued had no judicial determination upon which it could rest, and that under the authority of Kamp v. Kamp, 59 N. Y. 212, the appellant has the right at any time to assail the validity of the judgment entered upon the clerk's action. We do not intend to examine anew this question, it having been presented and the same authorities examined upon the former appeal, and we must regard the decision then made as an adjudication upon the precise question now presented. The order should be affirmed, with $10 costs and disbursements.

In re LORD'S ESTATE. (Supreme Court, Appellate Division, First Department. April 15, 1897.) In the matter of Benjamin Lord. No opinion. Motion denied. See In re Lord's Estate, supra, and 42 N. Y. Supp. 1127.

LORING, Appellant, v. HASKINS, Respondent. (Supreme Court, Appellate Division, Fourth Department. April 10, 1897.) Action by Sarah E. Loring against Charles S. Haskins. No opinion. Judgment and order affirmed, with costs.

LUDLOW, Appellant, v. WESTWOOD, Respondent. (Supreme Court, Appellate Division, Fourth Department. April 10, 1897.) Action by Lucy Ludlow against Herman J. Westwood. No opinion. Order reversed, with $10 costs and disbursements. See 43 N. Y. Supp. 1158.

LYNCH et al., Appellants, v. SANDERS, Respondent. (Supreme Court, Appellate Division, Third Department. March 8, 1897.) Action by Daniel Lynch and Henry C. Roblee against William Sanders. No opinion. Judgment reversed, and a new trial granted; costs to abide the event. All concur, except PUTNAM and MERWIN, JJ., dissenting.

McCARTHY, Appellant, v. SANO et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. October, 1896.) Action by Charles McCarthy against Vincent F. Sano, Antonio Sano, and Robert J. Fish.

PER CURIAM. Whether or not the assignment in this case was fraudulent and void as