WILLIAM CRAWFORD, Appellant, v. THOMAS CANARY, Respondent.

*Reference — proof that the trial of an action will involve the examination of a long account may be made by affidavit.*

The fact that the trial of an action to recover for goods sold will involve the examination of a long account may, upon a motion made by the plaintiff for a reference, be shown by affidavit, where it does not appear upon the face of the complaint and no bill of particulars has been served.

APPEAL by the plaintiff, William Crawford, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of March, 1898, denying the plaintiff's motion for an order of reference.

*Thomas D. Adams,* for the appellant.

*Franklin Bien,* for the respondent.

RUMSEY, J.:

The complaint alleges that between the 1st of February, 1895, and the 26th of December, 1896, the plaintiff sold and delivered to the defendant, at his request, goods, wares and merchandise to the value and at the agreed price of $9,196.72, which the defendant promised to pay. He admits a payment and one credit which he deducts, and demands judgment for the balance after these deductions. Issue having been joined by the service of an answer containing a general denial, the plaintiff moved for a reference upon the pleadings, and upon an affidavit showing that it would be necessary to prove, upon the trial of the action, the sale at 101 different dates of 658 different items of merchandise. This evidence is not disputed. Nevertheless the motion for a reference was denied and from the order denying it this appeal is taken. The learned justice who made this order refers as authority for his action to three cases in the Court of Appeals which he cites. We have examined these cases and we cannot find in them any authority for the action which he took. The rules controlling motions of this kind have been so often and so fully set out that we can conceive of no reason for any misapprehension of them at this time. An action is not referable

under section 1013 of the Code, unless it is an action upon contract, and it will be necessary for the plaintiff in establishing his case to prove a long account. The character of the action is determined by the complaint, and if the complaint sets out a cause of action upon contract, the question whether or not the action is one which may be referred, is to be determined either by an examination of the complaint or such other proof as may be introduced upon that subject. In actions like the one at bar it would be impracticable to decide from the pleading whether the trial would involve the examination of a long account or not. If the pleader set out his cause of action correctly, that fact certainly would not appear; therefore, the court must resort to other proof to ascertain whether such an account is necessarily involved. If a bill of particulars has been served that may be referred to and would probably be sufficient, but if no bill of particulars had been served then clearly it is necessary for the plaintiff, if he wishes a reference, to make proof by affidavit from which the court can see that the examination of a long account is involved, and if that fact is established it is proper to order a reference. These propositions have been the established law of the State for many years. (*Welsh* v. *Darragh*, 52 N. Y. 591; *Spence* v. *Simis*, 137 id. 616; *Cassidy* v. *McFarland*, 139 id. 201.) These cases concur in holding what is held by numerous other cases — that the proof to show that the trial of the action will involve the examination of a long account may be made by affidavit if the fact does not appear upon the face of the pleading.

But this order was made, as we are told, upon the ground that the court could refer only to the complaint to ascertain whether the examination of a long account is necessary, and was not at liberty to consider affidavits presented by the moving party on that subject. This conclusion is reached, as we are told, upon the authority of a phrase in the syllabus of the case of *Steck* v. *The C. F. & I. Co.* (142 N. Y. 236). This phrase is taken from the opinion, and it is said in it that the question as to whether an action is referable without consent of both parties is to be determined from the complaint alone, and it is relied upon as overruling the numerous cases which, without exception, have held in this State that affidavits may be presented to the court to enable it to ascertain whether the trial of the action will involve the examination of a long account. Upon con-

sideration of the case it is quite apparent that no such proposition is decided. The question presented was, whether a compulsory reference of an action could be made where the plaintiff's cause of action did not involve the examination of a long account, but one was involved in a counterclaim set up by the defendant. This was the only point presented to or decided by the court, and, in the course of the argument to establish the proposition that the referable quality of the action was determined by the complaint, the court used the phrase that is relied upon here as overruling all previous cases. The case, so far from overruling any of the previous authorities, was intended to be decided in accordance with them. Indeed, Judge EARL says that the question presented is whether, where the cause of action alleged in the complaint is not referable, the action can be made referable by anything which appears in the answer. The case is authority for the answering of that question in the negative, and is not, nor was it intended to be, authority for anything else. The rule established for many years in this State, permitting the court upon these motions to consider proof upon affidavit as to the referable quality of the case, if such proof is offered, was not intended to be changed, and was not changed. The court, therefore, erred in refusing to consider the affidavits presented to it which were undisputed, and which showed clearly that the trial of this case would involve the examination of a long account.

Some other points are made by the respondent's counsel by way of sustaining this order, but they are so clearly trivial as not to require examination. The order must be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

VAN BRUNT, P. J., BARRETT, PATTERSON and MCLAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.