(31 Misc. Rep. 277.)

### GUARANTY TRUST CO. OF NEW YORK v. ROBINSON et al

(Supreme Court, Special Term, Chemung County. March 15, 1900.)

**1. MORTGAGE—TRUSTEE—JURY TRIAL.**
Where a plaintiff, in an action to foreclose a mortgage, stands in the
relation of trustee for the mortgage indebtedness, the defendant is not
entitled to a trial by jury.

**2. SAME.**
Where a suit is commenced to foreclose a mortgage, and the answer
set up both legal and equitable defenses, the defendant, by so doing, has
waived the right to a trial by jury.

**3. SAME.**
Where an action is brought to enforce the payment of bonds, and to
foreclose the security held thereon, a motion to frame issues for a jury
will be denied, where the answer seeks to set aside the mortgage and the
enforcement of a counterclaim.

**4. SAME—DEFENSE.**
Where, in an action to foreclose a mortgage, the leading defense is
equitable, the issues will not be settled to be tried by a jury.

**5. SAME—MULTIPLICITY OF ISSUES.**
Where, in an action to foreclose a mortgage, the answer raises a large
number of legal and equitable issues, which it would be difficult for a jury
to comprehend and pass upon, the issues will not be framed for a jury
trial.

**6. REFERENCE.**
Where the answer set up affirmative defenses, which might have been
used as causes of action against plaintiff, and involved a long accounting,
a reference will be ordered, though no cause for accounting is shown by
the complaint.

Action by the Guaranty Trust Company of New York against
David C. Robinson and others. Motion to settle issues for the jury.
Overruled. Motion for references. Granted.

Davies, Stone & Auerback (Reynolds, Stanchfield & Collin, of
counsel), for plaintiff.

A. C. & J. P. Eustace, for defendants Robinson.

Roswell R. Moss, in pro. per.

FORBES, J. This is an action to foreclose a mortgage given as
collateral security to six bonds, amounting in all to the sum of
$750,000, with interest. The action is therefore clearly an action in
equity.

There are several defenses interposed by the answers. Some of
these defenses are clearly equitable in their character, and others are
legal defenses. Making another test, some of the defenses inter-

posed are pleaded for the purpose of defeating a recovery on the bonds and to cancel the mortgage as having had no valid inception, having been obtained by fraud. The plea of usury is also interposed, and a claim for damages for the nonperformance of the contract alleged in the defendants' (the Robinsons') answers. In these several answers something like 97 issues are proposed. Motions were made on the part of the last-named defendants to settle issues for trial by a jury.

Careful examination of all the facts averred in the complaint and the facts set forth in the answers convinces me that the court ought not to settle issues or send them to trial before a jury. The averments in the answers must be taken in their entirety, for the purpose of determining what is to be litigated. Johnson v. Golder, 132 N. Y. 116, 30 N. E. 376. The plaintiff stands in the relation of a trustee for the bonded indebtedness, and for that reason the defendants are not entitled to trial by a jury. Zimmerman v. Kinkle, 108 N. Y. 282, 15 N. E. 407. These defendants have interposed answers to a complaint which is clearly equitable in form, and have alleged in said answers and joined together, though in separate counts, different causes of action arising out of the same transaction and relating thereto—First, a defense to the enforcement of the mortgage security; second, a set-off and counterclaim arising from the proceeds alleged to have been collected by the mortgagee, for the benefit of the mortgagors, and which it is alleged should be applied on said indebtedness,—these are clearly equitable defenses; third, growing out of the transactions, and the agreements in relation thereto, it is alleged that the plaintiff has wrongfully and unlawfully taken usury; fourth, setting out a cause of action for damages for false and fraudulent representations, with proper averments,—these being actions at law, and enforceable in that form, and joined together with equitable defenses in the same answers, the defendants are not entitled to a trial by a jury as matter of right, but having thus joined legal and equitable defenses in the same answers, to overthrow an equitable complaint, is, in law, a waiver of their right to a trial by a jury. Loomis v. Decker, 4 App. Div. 409, 39 N. Y. Supp. 441, distinguished and approved in Bennett v. Vonder Bosch, 26 App. Div. 313, 49 N. Y. Supp. 802; Davison v. Associates of Jersey Co., 71 N. Y. 333; Cogswell v. Railroad Co., 105 N. Y. 319, 11 N. E. 518; Bell v. Merrifield, 109 N. Y. 202, 16 N. E. 55; Dudley v. Congregation Third Order of St. Francis, 138 N. Y. 460, 34 N. E. 281. This action having been brought to enforce the payment of said bonds, and to foreclose the security held thereon, it is difficult to see how a motion to frame issues for a trial by jury can properly be granted, where the answers seek to set aside the mortgage, and also ask for the enforcement of a counterclaim. Hayes v. Bainbridge (Sup.) 30 N. Y. Supp. 148; Cook v. Jenkins, 79 N. Y. 575. In the election of their remedy, the defendants having united legal with equitable defenses, and thereby having waived their right to a trial by a jury, it is difficult for the court to see its way clear to grant the framing of issues as a matter of discretion. 71 N. Y. 333, supra, and authorities cited. Where the leading and important defense is a defense in equity, as dis-

tinguished from law, issues will not be settled to be tried by a jury. By an examination of all the issues in this action, with a multiplicity of questions raised by the answers and sought to be tried, the court is impressed with the belief that it would be difficult for jurors to comprehend and carry in their minds, clearly, these issues, enabling them to intelligently and properly pass on the questions of fact involved. It is quite reasonable to suppose that injustice might be done to all parties by the submission to a jury of the various and perplexing questions which would necessarily be raised on the trial of this action. With these views held by the court, it would neither be just nor proper to frame such issues.

The next question to be examined is the motion, made on the part of the plaintiff, for a reference of the issues raised by the pleadings. If the defenses interposed are established, the answers show that there must be an accounting between the parties. For instance, the defendants claim that the mortgagee is in possession of the property covered by the mortgage, and that a large portion of the claims for which the mortgage is being foreclosed has been paid and liquidated by the proceeds received from the use of said property, and that as to them the plaintiff is a trustee or mortgagee in possession, and equity requires that the proceeds which have come into the hands of the plaintiff, above the running expenses at least, should be applied in liquidation of the claim. It is also alleged that certain losses have been sustained in consequence of the nonperformance of the contract under which the bonds and the mortgage were executed and are now held. Defendants also claim that large sums of money have been received, usuriously and corruptly, as a bonus, which they insist, for that reason, must at least be applied towards the liquidation of the indebtedness covered by said security. On the trial all of these questions must be examined carefully and patiently, for the purpose of seeing what are the rights of the parties, whether any of the indebtedness has been paid, to what extent, and what application of the proceeds, if any, should be made towards the mortgage security. In other words, the proceeding must take the form of an accounting between the plaintiff and the defendants. This is a very strong reason why the action should be sent to a referee, since the court would not, even on a trial at special term, sit and hear an accounting between the parties, and in that manner adjust their affairs. This method of trial the court always has the right to control, and may, of its own motion, send such issues to a referee for the purpose of ascertaining what kind of a judgment should be entered. In other words, the issues as they are spread upon the record clearly involve the examination of a long account. Code Civ. Proc. § 1013; Spence v. Simis, 137 N. Y. 616, 33 N. E. 554.

Looking at the claims made by the pleadings, and the suggestions contained in the moving and answering affidavits, there is no question left for discussion that the trial will involve the examination of a long account. Cassidy v. McFarland, 139 N. Y. 201, 34 N. E. 893; Rowland v. Rowland, 141 N. Y. 485, 36 N. E. 504. The answers in this action must be treated as affirmative defenses, and

therefore must take the place of a complaint, in an examination to see whether the action is referable. There is nothing in the plaintiff's complaint which, of itself, suggests that the action is referable, and therefore the defendants would have no absolute right to move for a reference against the consent of the plaintiff, since, in that case, the question as to whether an action is referable without consent of both parties is to be determined by the complaint alone. Steck v. Iron Co., 142 N. Y. 236, 37 N. E. 1, 25 L. R. A. 67. But in the case at bar, treating the answers as the complaint,—since they set forth affirmative defenses, which might have been used as causes of action against this plaintiff,—we must look at those pleadings to see whether the matters therein contained involve the examination of a long account. Therefore the case of Steck v. Iron Co., supra, is in point against the defendants, as will be seen by an examination of this and the subsequent authorities. The Steck Case went to the limit of the doctrine therein held, and was affirmed by a bare majority of the court. Spence v. Simis, 137 N. Y. 616, 33 N. E. 554; Cassidy v. McFarland, 139 N. Y. 201, 34 N. E. 893; Rowland v. Rowland, 141 N. Y. 485, 36 N. E. 504; Bank v. Baker, 148 N. Y. 581, 42 N. E. 1077. This rule applies to equitable as well as legal actions. If this action is made referable, it is made so alone by the defenses interposed, and the nature, variety, and complication of those defenses.

The motions to frame issues for a trial by a jury are denied, and the motion for a reference of the issues, under the pleadings, is granted. The attorneys for the respective parties may agree on a referee within 10 days after the service of the orders; otherwise, a referee will be appointed by the court. Orders may be drawn accordingly.