ABRAHAM SARTORIUS, Respondent, *v.* WILLIAM B. GOTTLIEB, Appellant.

*Reference — not ordered where the jury can keep in mind the items of the alleged long account — an account relating to a single purchase and sale is not a long account.*

A compulsory reference, on the ground that the trial will involve the examination of a long account, of an action in which a right to a jury trial exists, is justified only when it appears that so many separate and distinct items of account will be litigated on the trial that a jury cannot, when they retire to deliberate upon their verdict, keep in mind the evidence in regard to each of the items and give it the proper weight and application.

An account relating to a single purchase and sale of stock and charges for interest advanced during the period intervening such purchase and sale is not a long account justifying a compulsory reference.

APPEAL by the defendant, William B. Gottlieb, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of December, 1902, granting the plaintiff's motion for a reference to hear and determine.

*Arnold Charles Weil,* for the appellant.

*Otto Horwitz,* for the respondent.

LAUGHLIN, J.:

This was a compulsory order of reference which the defendant claims should not have been granted against his objections. The complaint in form sets forth four separate causes of action, but only

two causes of action are really involved. It is alleged in the first count that the plaintiff and defendant on the 27th day of November, 1900, purchased 150 shares of Arcadian stock on their joint account; that pursuant to the agreement between the parties the plaintiff advanced the purchase price, being the sum of $3,618.75; that on the 24th day of February, 1902, the stock was sold on their joint account for the sum of $669.56; that in the meantime plaintiff had further advanced the sum of $273.15 "by way of interest on said stock," and that the defendant is indebted to the plaintiff for one-half the loss, aggregating $1,611.17. The second count involves the moneys sought to be recovered in the first cause of action, but an account stated is alleged to have been agreed upon three days after the purchase of the stock, and monthly thereafter until its sale, and another at the close of the sale, covering the entire transactions. The third count is for moneys advanced by the plaintiff for purchasing other stock as broker or agent for the defendant, and it sets forth an itemized account of charges and credits from the 8th day of December, 1900, until the 30th day of August, 1901.

The debit side of this account in form contains thirty-four lines or items. Fifteen of these are footings or balances, six are for interest charges, three are for checks, two for dividends and one for expressage charged; five are for stock purchased, one is for "stamps," and one of twelve dollars and fifty cents is for " Com. 10 bds," whatever that may be. The credit side of the account contains many loss items, only twelve of which can be material, and most of those are counter entries relating to the stock referred to in the debit side of the account. After setting forth this account, it is alleged in the same count that an account of these transactions was stated between the parties five days after the date of the last item in the account, in and by which it was shown that the same balance was due and owing to the plaintiff as was stated in the account, the items of which have been referred to ; and it is further alleged that an account stated of these matters was had between the parties monthly thereafter. The fourth count is on an account stated of all the matters referred to in the three preceding counts.

It is manifest that these are all causes of action at law. A money judgment only is demanded, and there is no prayer for taking an

account or for an accounting. So far as the action is based on accounts stated, of course, a compulsory reference could not be ordered. It will be observed that the plaintiff has stated his two causes of action both ways. He has alleged the facts showing the indebtedness and also accounts stated. Doubtless, upon the trial, he will be at liberty to recover on either theory, according to the state and nature of the evidence produced. Assuming that it will be essential for him to prove the transactions, the question whether the issues involve a long account is to be determined on the allegations of the first and third counts of the complaint, as the others relate solely to accounts stated. As has been shown, the first count relates to a single purchase and a single sale of stock and charges for interest advanced in the interim. It needs no argument to show that this is not an account which would justify the reference of the issues. Nor does the third cause of action, assuming that the plaintiff may be obliged to prove the items of the transaction, involve a long account. From the nature of the action a right to a jury trial exists. The court is only authorized to deprive a party of this right where it appears " that so many separate and distinct items of account will be litigated on the trial that a jury cannot keep the evidence in mind in regard to each of the items and give it the proper weight and application when they retire to deliberate upon their verdict." (*Spence* v. *Simis*, 137 N. Y. 616. See, also, *Steck* v. *C. F. & I. Co.*, 142 id. 236; *Feeter* v. *Arkenburgh*, 147 id. 237.) It is manifest that this case does not fall within the exception. Moreover, it appears from the answer that the defendant denies that he employed the plaintiff as his broker or authorized him to purchase or sell stock on his individual account.

It follows that the order of reference was erroneously granted and should be reversed, with ten dollars costs and disbursements, and the motion should be denied, with ten dollars costs.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and McLAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.