## KONHEIM v. HARRIS et al.

(Supreme Court, Appellate Division, First Department. December 29, 1911.)

1. MASTER AND SERVANT (§ 80*)—CONTRACTS—COMPENSATION FOR SERVICES—ACTION—PRIMA FACIE CASE.

   In an action on a contract to pay plaintiff in addition to a fixed salary a commission equal to 10 per cent. of the net profits of the business, plaintiff established a prima facie case by proving the contract and defendants' financial statement of assets and liabilities made to him by them, though they denied its correctness.

   [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 80.*]

2. REFERENCE (§ 8*)—ACTIONS SUBJECT TO REFERENCE—COMMISSIONS.

   Where, in a suit to recover under a contract of employment entitling plaintiff to 10 per cent. of the net profits of defendants' business, such action was not on an account, and would not involve the examination of an account, though it might involve an examination of defendants' books, and was not an action proper for submission to a referee, it not appearing that a jury could not intelligently determine the amount owing.

   [Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 13-23; Dec. Dig. § 8.*]

Appeal from Special Term, New York County.

Action by Maurice S. Konheim against Simon D. Harris and Mark Harris. From an order of reference to hear, try, and determine the issues, plaintiff appeals. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Feltenstein & Rosenstein, for appellant.

Charles Eno, for respondents.

LAUGHLIN, J.　This is an action at law to recover a balance claimed to be owing by the defendants, who are copartners, to the plaintiff, as general manager of their business, conducted under the names of the Harris Rubber Company, Goodyear Raincoat Company, and Lesser Waist Company during a period of two years.　By the contract of employment plaintiff was to receive a fixed salary of $50 per week, and, in addition thereto, 10 per cent. of the net profits of the business.　He has received the weekly salary, and has drawn the sum of $811.51 on account of his percentage of the net profits.　He alleges that there is a balance of $4,383.35, together with interest thereon due and owing to him on account of his percentage of the net profits.　He sets forth a financial statement made to him by the defendants and an inventory of the business delivered to him by them; and, using these and the contract with respect to the stipulated capital and the amount to be drawn by the defendants and the percentage of·the net profits he was to receive, he computes that there is due to him the amount which he claims.　The terms of the contract on which the plaintiff seeks to recover are not controverted; but the defendants put in issue the allegations of the complaint with respect to the financial statement and statement of the assets and liabilities alleged to have been delivered to the plaintiff by them, and deny that said statements are true statements of their financial condition and of their assets and liabilities.

[1] On the theory of the complaint, the plaintiff would present a prima facie case by proving the contract and the financial statement and statement of assets and liabilities.　The defendants not only put the allegations with respect to these statements in issue, but they show by affidavits that they were made under the direction and supervision of the plaintiff and are erroneous, and that the trial of the action will involve a consideration of the entire business of the defendants during a period of two years in which they had a capital of $60,000 employed.　The defendants rely on the case of Crawford v. Canary, 28 App. Div. 135, 50 N. Y. Supp. 874, as authority for the use of affidavits in addition to the pleadings in determining the question of the referability of the issues, and it does sustain that view.

[2] This action, however, is not upon an account, nor will the trial involve the examination of any account between the parties.　The defendants obligated themselves by the agreement to keep proper books of account which should contain complete entries of all transactions in their business, and it was expressly provided that the plaintiff should have the right at any time during the terms of his contract to examine the books.　If an examination of the books had been refused, this would have afforded ground for an application to the court by the plaintiff for an inspection of the books, if necessary, to show the net profits and the amount due to him.　The plaintiff rests on the statements which he received from the defendants, and the defendants say those statements are incorrect.　They presumably

have the books and should be able to correct the account therefrom; but it is possible that the evidence for the correction of the statements alleged to have been delivered to plaintiff may not be shown by the books. Ordinarily, where on the trial of an action at law it is necessary to examine books of account to determine the profits of a business and to ascertain therefrom the amount to which the plaintiff claims to be entitled, the issues are not referable; but in exceptional cases, where it is shown to be impossible for a jury to intelligently determine the issues on account of the accounting by which the amount owing is to be determined, the issues may be referred. Rowland v. Rowland, 141 N. Y. 485, 36 N. E. 504; Boisnot v. Wilson, 95 App. Div. 489, 88 N. Y. Supp. 867. The burden of showing this, however, is on the party moving for the reference. McAleer v. Sinnott, 30 App. Div. 318, 51 N. Y. Supp. 956; Spence v. Simis, 137 N. Y. 616, 33 N. E. 554. We are of opinion that the defendants have failed to show that this is an exceptional case in which on account of such examination of the accounts of the business of the defendants the issues cannot be intelligently tried before a jury. If upon the trial the contrary should appear, it would be within the province of the trial court to discharge the jury and refer the issues.

It follows, therefore, that the order should be reversed with $10 costs and disbursements, and the motion denied with $10 costs. All concur.

---

### PENUNZIO v. CENTRAL R. CO. OF NEW JERSEY.

(Supreme Court, Appellate Division, First Department. December 29, 1911.)

MASTER AND SERVANT (§ 279\*)—EVIDENCE—SUFFICIENCY—NEGLIGENCE OF FELLOW SERVANT.

Evidence examined, and *held*, that a verdict for an employé for personal injuries, if predicated on the incompetency of a coemployé, was not supported by the evidence, and, if predicated on his negligence, was against the weight of the evidence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 973–980; Dec. Dig. § 279.\*]

Appeal from Trial Term, New York County.