THE BROOKLYN PUBLIC LIBRARY, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

**Practice — reference — compulsory reference not ordered upon showing of mere possibility that several items of account will become centers of independent controversy — failure of moving party to bear burden of making out likelihood that more is involved than mere formal proof of long account.**

1. A compulsory reference will not be ordered upon the showing of a mere possibility that the several items of an account will become centers of independent controversy. There must be a reasonable probability, when the courses and tendencies of the trial are charted in advance, that such will be the true development.

2. Where a complaint states sixty-two separate causes of action, forty-one to recover semi-annual payments of interest on a single mortgage and twenty-one to recover separate payments of insurance premiums and the answer denies that the defendant has any knowledge or information sufficient to form a belief in respect of the making of the payments, and a suggestion is made in the plaintiff's moving affidavit for a compulsory reference that the variations in amount may

result in variations of the grounds of controversy, but the defendant in an opposing affidavit disavows any present intention to wage the battle on such lines, and its affidavit, taken as a whole, leaves no escape from the conclusion that resistance has been planned along other lines and courses, the motion for a reference should be denied. The plaintiff has failed to bear the burden of making out a reasonable likelihood that the jury will find it necessary to discriminate one item from another and form a judgment as to each, and should such a situation develop on the trial the court will be competent to deal with it by halting the trial and sending the parties to a reference.

*Brooklyn Public Library* v. *City of New York*, 212 App. Div. 878, reversed.

(Submitted June 2, 1925; decided July 15, 1925.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered February 6, 1925, which affirmed an order of Special Term granting a motion for the appointment of a referee.

The following question was certified: " Does the record make out a proper case for the granting of an order for a compulsory reference? "

*George P. Nicholson, Corporation Counsel (John F. O'Brien* and *Elliot S. Benedict* of counsel), for appellant. Plaintiff has not made it appear with reasonable certainty, nor even with remote probability, that the sums paid by it to third parties will provoke a contest respecting their correctness. Nothing more than formal proof of existence of such payments are required by the pleadings. (*Camp* v. *Ingersoll*, 86 N. Y. 433; *Untermeyer* v. *Beinhauer*, 105 N. Y. 521; *Thayer* v. *McNaughton*, 117 N. Y. 111; *Randall* v. *Sherman*, 131 N. Y. 669; *Spence* v. *Simis*, 137 N. Y. 616, 617; *Cassidy* v. *McFarland*, 139 N. Y. 201; *Steck* v. *C. F. & I. Co.*, 142 N. Y. 236; *Snell* v. *Niagara Paper Mills*, 193 N. Y. 433; *Pace* v. *Amend*, 164 App. Div. 206, 208; *Morse* v. *Morse D. D. & R. Co.*, 111 Misc. Rep. 715; 191 App. Div. 923.)

*Meier Steinbrink* and *Frank E. Johnson* for respondent. A long account is involved within the meaning of section 466 of the Civil Practice Act. (*Bronx Gas Case,* 195 App. Div. 554; *Roberson* v. *Murray,* 73 Hun, 492; *Cass* v. *Cass,* 61 Hun, 466; *Municipal Case,* 225 N. Y. 102; *Hibbard Case,* 4 Misc. Rep. 422; *Cochrane Case,* 86 Hun, 243.)

CARDOZO, J. Plaintiff and defendant executed a contract on June 5, 1903, whereby defendant undertook to appropriate and pay such sums as were requisite for the proper maintenance of the libraries under plaintiff's administration, including therein insurance charges and interest upon mortgages. It is stated in the complaint that between October 30, 1903, and October 29, 1923, plaintiff paid to the Brooklyn Trust Company forty-one semi-annual installments of interest on a mortgage covering the library building, and on twenty-one separate occasions paid premiums for fire insurance. This action is brought to recover the payments so made, each semi-annual installment of interest and each insurance premium being pleaded as a separate cause of action, sixty-two in all. The answer denies that the defendant has any knowledge or information sufficient to form a belief in respect of the making of the payments, and as to all but fifteen of the items pleads the Statute of Limitations.

The question is whether the trial will involve the examination of a long account within the meaning of the statute (Civ. Prac. Act. § 466). The interest payments, forty-one in number, accrued periodically under a single mortgage. The few variations in amount are referable to groups of years. The insurance payments, twenty-one in number, show greater diversity, not improbably for the reason that the policies were issued for periods of years. The suggestion is made in the moving affidavit that the variations in amount " may " result in variations of the grounds of controversy. The defendant in an

opposing affidavit disavows any present intention to wage the battle on such lines. " The files and records of plaintiff should show without any searching inquiry or extended examination just how much was disbursed by plaintiff and for what purpose."

A compulsory reference will not be ordered upon the showing of a mere possibility that the several items of an account will become centers of independent controversy (*Spence* v. *Simis*, 137 N. Y. 616, 617). There must be a reasonable probability, when the courses and tendencies of the trial are charted in advance, that such will be the true development. We think the plaintiff fails to satisfy this test. An aspect of complexity has been given to the case by pleading every item as a separate cause of action. The true proportions of the controversy would be visible if the interest payments had been grouped in one count, and the insurance premiums in a second. Uniformity would then be obvious where there now appears to be diversity. It is surely a far-fetched prediction that foresees a separate ground of challenge in payments recurring semi-annually under the provisions of a single mortgage. The mortgagor is a public library and the mortgagee a trust company. Between parties so circumstanced, vouchers for any payments that have been made will almost surely be available. The defendant disclaims either knowledge or information that would lead it to contest them. What has been said of the interest payments may be said with little, if any, abatement in respect of the payments for the premiums. True it is that the defendant has put the plaintiff to its proofs, but that is not enough to make out a right to this relief. " The examination of a long account, which the Code contemplates, is something more than mere formal proof of its existence " (*Cassidy* v. *McFarland*, 139 N. Y. 201, 206). The plaintiff applying for the reference, has the burden of satisfying the court that something more will be involved. The burden is

emphasized by the form of the denial. The defendant is content to allege that it has no knowledge or information sufficient to form a belief. " It must, therefore, be presumed that there is no witness, or other source of proof " known to it at this time, " by means of which the falsity of the plaintiff's demand can be established," for otherwise it " could not have truthfully made this statement on oath " (*Cassidy* v. *McFarland, supra*). We do not mean that the form of the denial is to be treated as decisive. It is a circumstance to be considered in gauging probabilities. We find nothing here to diminish its significance. In saying this, we do not overlook the statement in the opposing affidavit that the trial " will not require more than three days." The forecast has relation to the presentation. of the case in its entirety including the arguments of counsel upon questions of law that will be presented as to the construction of the contract. Such an estimate of time is too uncertain and indefinite to lay a basis for a holding that the formal proofs when offered will be the subject of resistance. The affidavit taken as a whole leaves no escape from the conclusion that resistance has been planned along other lines and courses.

We hold that the plaintiff has failed to bear the burden of making out a reasonable likelihood that the jury will find it necessary to discriminate one item from another and form a judgment as to each. At most there has been made out, not likelihood, but possibility. A different situation would be here if the evidences of payment were shown to be intricate or uncertain or subject to conflicting inferences or even lacking in uniformity, so that the probative quality might reasonably be supposed to differ in respect of different items. Surprises, indeed, may develop on the trial. Contests, not now foreseen, may conceivably emerge. There may be hand-to-hand conflicts of scattered or isolated groups where we look for an assault in mass. If such a situation shall develop,

the trial judge will be competent to deal with it by halting the trial and sending the parties to a reference. Our holding is limited by the probabilities disclosed.

The order of the Appellate Division and that of the Special Term should be reversed with costs in all courts, the motion denied with ten dollars costs, and the question certified answered in the negative.

POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur; HISCOCK, Ch. J., not voting.

Orders reversed, etc.