# CASES REPORTED WITH BRIEF SYLLABI

AND

# DECISIONS HANDED DOWN WITHOUT

# OPINION

FIRST DEPARTMENT, JANUARY, 1927.

MOGUL FINANCE CORPORATION, Respondent, *v.* CHECKER CAB MANUFACTURING CORPORATION, Appellant.

*References — action to recover balance unpaid on 325 notes purchased in one transaction and repair bills involving over 18,000 items — compulsory reference on ground of long account denied.*

Appeal from an order of the Supreme Court, made at the New York Special Term and entered in the New York county clerk's office on December 11, 1926, granting plaintiff's motion for a reference.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, on the ground that it is apparent that this case does not come within the rule allowing a compulsory reference in an action at law involving a long account. Present — Dowling, P. J., Finch, McAvoy, Martin and O'Malley, JJ.; Finch, J., dissents.

FINCH, J. (dissenting). The action seems to me to be referable under section 466 of the Civil Practice Act, upon the ground that the plaintiff is not only seeking to recover for an unpaid amount upon 325 notes purchased in one transaction, but is also seeking to recover upon upwards of 18,000 items of repair and expense incurred for the account of the defendant, pursuant to an agreement and power of attorney contained therein. The defendant has put in issue each of these items and has demanded and obtained a bill of particulars from the plaintiff, consisting of 18,536 items. As appears from the petition of the plaintiff and the admissions of the defendant made earlier in the litigation, no jury could intelligently pass upon this controversy. The case at bar, therefore, falls within the rule that an action will be referred where there are many items of an account which will be centers of an independent controversy, and that this has been shown not only as a mere possibility but as a reasonable probability when the courses and tendencies of the trial are charted in advance, being the test laid down by Judge CARDOZO in *Brooklyn Public Library* v. *City of New York* (240 N. Y. 465).

I, therefore, vote to affirm the order appealed from.