HARRY M. SCHAFFER, Appellant, *v.* CITY BANK FARMERS TRUST COMPANY, Respondent, Impleaded with HOWARD C. LAKE, Defendant.

Third Department, May 15, 1935.

*Schaffer & Sevits* [*George B. Smith* of counsel], for the appellant.

*Shearman & Sterling* [*Neile F. Towner* and *Lester Kissel* of counsel], for the respondent.

*Howard C. Lake,* defendant in person.

RHODES, J. Defendant City Bank Farmers Trust Company applied to the court at Special Term for an order directing a compulsory reference on the ground that the trial would require the examination of a long account. The court denied the application without prejudice to a renewal thereof before the trial justice presiding at the Trial Term at which the action should be reached for trial.

When the cause was reached for trial and before any evidence was taken the defendant bank renewed the motion for a reference upon the same papers which were used before the Special Term. The application was granted and plaintiff has appealed from that order.

The propriety of directing a reference on the original papers alone and without further proof indicating any necessity therefor is subject to serious question. However, it is not necessary to base our decision on that ground.

The case was later brought to trial before the referee and a decision was rendered by him. That fact, however, does not preclude us from reversing the order if the same was erroneously made. (*Cassidy* v. *McFarland*, 139 N. Y. 201.)

This is an action at law by a depositor against the bank to recover the balance of a deposit. On December 27, 1928, the plaintiff and the defendant Lake opened an account under the name of Schaffer and Lake with the Bank of America National Association, predecessor of the defendant bank. The signature card filed with the bank provided that checks should be honored which bore plaintiff's signature. The aggregate amount of the deposits made in the bank totaled $17,246.40. The total amount withdrawn upon plaintiff's checks was $1,367.26. Plaintiff seeks to recover the balance in this action. Apparently the balance was paid out by the bank on checks signed by Pauline M. Schaffer. It contends that it had authority to do so by virtue of a power of attorney executed by plaintiff. The plaintiff contends that the power of attorney was altered after its execution. The only real issues for trial relate to the authority of Pauline M. Schaffer to execute checks on the bank and also whether or not there was any alteration of the power of attorney after its execution by plaintiff. There is no dispute whatever as to the amount of the deposits and withdrawals. While the defendant bank contends there are many items to be examined, yet it is clear that there is no serious question regarding the deposits and withdrawals.

We think that the order directing a reference was erroneous.

All the material allegations of plaintiff's complaint were put in issue by the answer of the defendant bank, and these included title to the deposit in question, and the examination of the items was but an incident to the main issues to be litigated. Upon the main issues the plaintiff was entitled to a jury trial and a reference was improper. (*Steck* v. *C. F. & I. Co.*, 142 N. Y. 236.)

While the complaint does not demand an accounting, for all practical purposes the action is analogous to an action upon an accounting. Where an accounting is sought, there must first be an interlocutory judgment to determine the rights of the parties thereto before reference may be had as to the items of the account. (*Post* v. *Van Siclen*, 132 App. Div. 796.)

The plaintiff, being entitled to a trial by jury, cannot be deprived thereof unless he has waived his rights thereto. So far as appears

he has not done any of the things mentioned in section 426 of the Civil Practice Act which would constitute a waiver.

There is nothing in the record indicating any waiver. Even if the statements in the respondent's brief, which are not contained in the record, be accepted as facts, the plaintiff did not waive his right to a jury trial.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion for compulsory reference denied, with costs.

McNAMEE and HEFFERNAN, JJ., concur; HILL, P. J., and BLISS, J., dissent.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.