## WARD v. WARD.

(Superior Court of New York City, Special Term. November 18, 1892.)

1. COSTS ON MOTION FOR ALIMONY—FEES OF REFEREE AND STENOGRAPHER.

An order confirming the report of a referee appointed to hear a motion for alimony and counsel fees in an action for divorce allowed a monthly sum as alimony, and a certain sum for expense in conducting the action, "together with such sum as shall be taxed by the clerk of this court as costs and disbursements." *Held*, that the order was too indefinite to con-

stitute a specific delegation of power to the clerk to tax referee's or ste-
nographer's fees.

2. SAME—ALLOWANCE OF DISBURSEMENTS.
    Code Civil Proc. § 3251, provides for costs of certain specified motions,
    (not including motions for alimony and counsel fees,) and that, on any
    other motion, the court or judge may allow costs, not exceeding $10, besides
    necessary disbursements for printing and referee's fees. *Held*, that the
    clerk cannot tax disbursements on the granting of a motion for alimony
    and counsel fees, unless the order specifically directs him to do so.

Action by Mary J. Ward against Martin J. Ward for separation
and maintenance. The cause, on motion for an allowance of counsel
fees and alimony pendente lite, was referred under an order direct-
ing the referee "to determine whether any, and, if so, what, alimony
and counsel fee ought to be awarded to the plaintiff," and "to report
the facts found and his opinion thereon." The referee made his
report, which was confirmed on plaintiff's motion, with costs and dis-
bursements to be taxed by the clerk, (21 N. Y. Supp. 795,) and an ap-
peal is now taken from the clerk's taxation of certain disbursements,
and a motion made for a retaxation. Taxation set aside.

FREEDMAN, J. The questions involved arise (1) upon an appeal
from the taxation by the clerk of certain disbursements incurred
upon a reference; (2) upon defendant's motion, founded upon affida-
vit for a retaxation; and (3) upon the referee's motion, founded upon
affidavit for a retaxation. The action is by wife against husband
for a separation and for support. The wife moved for alimony dur-
ing the pendency of the action, and a counsel fee; and upon the
hearing of the motion such a conflict seems to have been created by
the attorneys for the parties that the court felt bound to order, and
did order, a reference. The referee was directed to determine
whether any, and, if so, what, alimony and counsel fee ought to be
awarded to the plaintiff. The reference terminated in a report,
upon the confirmation of which an order was entered, granting to
the plaintiff alimony at the rate of $50 per month, and an allowance
of $250 as and for expense in conducting this action, and together
with such a sum as shall be taxed by the clerk of this court as costs
and disbursements in this proceeding. Under this provision of the
order the attorney for the plaintiff presented to the clerk for taxation
a bill of disbursements amounting to $602.65, of which $375 were for
referee's fees and $221.65 for stenographer's fees. The conduct of
the attorneys for the respective parties, which works such extrava-
gant expenditure on a mere motion, the object of which is simply to
provide a provisional support to the wife during the pendency of
an action which can and ought to be terminated in a few months,
calls for condemnation on the part of the court. True, the main
fault lies in the system which sanctions such a practice; but attor-
neys should have due regard to the ultimate interests of their clients,
and if they seem oblivious of their duty in this respect a referee of
sufficient self-respect should remind them of it. A small fortune

should not be frittered away upon such a preliminary point. Entertaining these views, I shall hold every participant in the reference to strict practice. It appears that the clerk, from the proofs submitted to him, reduced the item of $375 for referee's fees to $210, and that he reduced the item of $221.65 for stenographer's fees to $117.30. Both the defendant and the referee complain of this ruling; the defendant contending that no referee's or stenographer's fees should have been allowed, and the referee, appearing by private counsel, contending that his fees should have been taxed at the sum of $350. The stenographer, at some time or other, also appeared by separate and private counsel, and submitted affidavits, but whether they were before the clerk does not clearly appear. Upon the case as submitted to me a great conflict exists as to what was before the clerk, and also as to what was the real agreement between the parties and the stenographer; and if it were necessary to determine the said conflict much time and labor would have to be spent to arrive at the truth. I do not deem it necessary, however, to make such determination, because I have satisfied myself that under the order referred to the clerk had no power to tax referee's or stenographer's fees. My reasons are as follows: The clerk is made by statute the taxing officer for the purpose of taxing the costs and disbursements of the action preparatory to the entry of final judgment. His duties as such taxing officer are prescribed by statute, and everything he may do is regulated by statute. But these statutory provisions do not apply to a motion. If costs and disbursements are given by the court or a judge on a motion, they must be specifically expressed in the order as entered. True, the order may refer it to the clerk to tax the disbursements so awarded, but then the order must contain a specific delegation of power to the clerk to tax the amount of the particular disbursements allowed. The costs and disbursements which may be given upon a motion for alimony and counsel fees are regulated by section 3251, Code Civil Proc.[1] It is there provided that upon such a motion a sum fixed by the court or judge, not exceeding $10, may be awarded as costs, besides necessary disbursements for printing and referee's fees. This seems to exclude stenographer's fees. Section 3256, on the other hand, contemplates only the costs of the action, and does not apply to motions; and consequently the amendments of 1892 are immaterial, no matter what they may amount to on the taxation of the costs of the action. The consequence of all this is that if, in the present case, stenographer's fees, as well as referee's fees, can be allowed, they must be specifically named in the order, and, if the clerk is to tax them, he must be specifically directed to do so. In the case at bar the order, as entered, shows upon its face that the judge who directed it to be entered struck out the specific direction to the clerk, originally inserted therein, to tax the referee's

[1]Section 3251, subd. 3, provides for costs of certain specified motions, (of which a motion for alimony and counsel fees is not one,) and that there may be allowed "upon any other motion, or upon a reference specified in section 3236 of this act, to each party to whom costs are awarded, a sum fixed by the court or judge, not exceeding ten dollars, besides necessary disbursements for printing and referee's fees."

and stenographer's fees. This is quite significant. Moreover, the order allows to the plaintiff the "sum of two hundred and fifty dollars as and for expense in conducting this action." As the main expense in conducting this action so far has been the expense of the reference, this might, in a certain aspect, be construed as an allowance on that account. From all this it follows that the additional words, "together with such a sum as shall be taxed by the clerk of this court as costs and disbursements in this proceeding," are too indefinite and uncertain to constitute a specific delegation of power to the clerk to tax referee's or stenographer's fees. For the reasons stated the taxation must be set aside, so far as it allows any sum whatever for referee's fees or stenographer's fees, and the referee's motion for a retaxation denied.