(24 Misc. Rep. 689.)

ZINSSER v. HERRMAN et al.

(Supreme Court, Appellate Term. October 5, 1898.)

1. COSTS—ORDER AFFIRMING TAXATION—DISCRETION.
   An order of a general term affirming a taxation of costs on appeal is not discretionary, since the question involved is one of legal error.
2. SAME—ALLOWANCE ON APPEAL—COLLATERAL REVIEW.
   An allowance of costs on appeal to a general term cannot be reviewed collaterally.
3. SAME—HOW TAXED ON APPEAL FROM AN ORDER.
   An appeal to the general term from an order should be regarded as a motion, for the purpose of costs, and the same sums allowed as on the decision of a motion, by Code, § 3251, subd. 3, authorizing the court to fix costs at not to exceed $10, and necessary printing disbursements.
4. SAME—ORDER FOR—SCOPE.
   Where an order for costs under Code, § 3251, subd. 3, authorizing the court, on deciding a motion, to fix the same at not to exceed $10 and necessary printing disbursements, merely directed the costs to be taxed by the clerk, he may at the utmost tax the costs at $10, and could not tax disbursements.

Appeal from city court of New York, general term.

Action by August Zinsser, Jr., as executor, etc., against John G. Herrman and another. From an order of the general term of the city court (51 N. Y. Supp. 1151) affirming an order of the special term denying the plaintiff's motion for a retaxation of costs, he appeals. Modified and affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

E. Ormonde Power, for plaintiff.
Benno Loewy, for defendant.

GILDERSLEEVE, J.    It appears from the printed case on appeal herein that on or about December 28, 1897, an order, the nature of which is not disclosed by anything before us, was entered in this action in the office of the clerk of the city court, and that an appeal was taken therefrom by the plaintiff to the general term of the city court. A motion was thereafter made at the general term, by the defendant, to dismiss the appeal, and for an affirmance of the said order appealed from, on the ground that the plaintiff had not served the printed papers on said appeal, as required by rule 3 of the rules of the city court.    This rule provides that:

"In case the appellant omits to furnish to the adverse party the number of copies of the papers specified, that party shall be entitled to move, on affidavit, and on three days' notice of motion for the earliest practicable day in the term, that the cause be stricken from the calendar, and that the judgment or order appealed from be affirmed, with costs."

The motion to dismiss the appeal was granted, and on or about January 31, 1898, an order of the general term was entered, which provided as follows:

"Ordered that said motion be, and the same is hereby, in all things granted; and the appeal taken herein by the plaintiff, from the order entered in this action in the office of the clerk of this court on the 28th of December, 1897, is hereby dismissed, with ten dollars, costs of this motion, to be paid by the plaintiff to the respondent John G. Herrman, or his attorney; and said order so appealed from is hereby in all things affirmed, with costs of this appeal, to be taxed by the clerk of this court."

No appeal was ever taken to this court from this order of the general term of January 31, 1898, and the costs were accordingly taxed by the clerk, who fixed the amount at $23.94, as follows:  Costs of motion, $10;  costs on appeal to general term, $10;  and various disbursements, aggregating $3.94.    Plaintiff objected to the $10 allowed as costs on appeal to the general term from the order of December 28, 1897, and also to the $3.94 disbursements.    A motion was made at the special term for a retaxation of costs and the disallowance of the items objected to.    The motion was denied, and from the order denying the motion the plaintiff appealed to the general term, where the order denying the motion for a retaxation was affirmed, and from that order of affirmance the plaintiff appeals to the appellate term.

The defendant claims that the clerk was bound to comply with the terms of the order of the general term of January 31st, dismissing the appeal; and that the plaintiff has mistaken his remedy, for the reason that he ought to have moved for a resettlement of this order of January 31st, or he ought to have appealed from that order; but that, as he has done neither, he cannot complain because the clerk followed the instructions of that order, and taxed the costs in accordance with its provisions.    Defendant also claims that the order appealed from was discretionary, and consequently not reviewable by the appellate term; and he makes the further point that the special term, in denying the motion for a retaxation, merely complied with the direction of the general term, as set forth in the order of January 31st, and that it was bound so to do.  . In the first place, we may say that we see no force in the contention of the respondent that the order appealed from is discretionary; for if the clerk illegally taxed the

costs, and the general term order upholds that taxation, it is clearly competent for the appellate term to reverse the order, as the question involved would be one of legal error, not of discretion. Costs are the creature of the statute, and cannot be imposed except in the cases authorized by its provisions; and the clerk has no authority to tax costs, except such as may be conferred upon him by the statute or by the order of the court. Cassidy v. McFarland, 139 N. Y. 208, 34 N. E. 893.

The first question to be determined is this: Did the clerk comply with the order of the general term of January 31st, and was he directed or authorized by the general term to allow the items to which objection was made? As we have seen, the general term order of January 31st dismissed the appeal, with $10 costs of the motion to dismiss, and also affirmed the order of December 28, 1897, with costs of the appeal to be taxed by the clerk; but the order does not specify any disbursements or make any provision therefor. The usual form of the affirmance of an order is, "Affirmed, with $10 costs and disbursements." We are not called upon to pass upon the question as to the power of the general term of the city court to allow the costs upon the argument of the appeal, as well as the motion costs upon the dismissal of the appeal, by reason of the fact that the order allowing double costs in this form was never appealed from, and cannot be reviewed collaterally. The only question before us is whether, under the order as it now stands, the clerk was authorized to tax the disbursements as he did.

As we have above pointed out, under rule 3 of the rules of the city court, the defendant was authorized to move "that the cause be stricken from the calendar, and that the order appealed from be affirmed, with costs." Even if we consider this motion in the same light as an argument of the appeal from the order, the hearing of the appeal at general term is to be regarded as a motion, for the purpose of costs, and the same sums might have been allowed as on the decision of a motion, viz. $10 and the printing disbursements, as provided for in subdivision 3 of section 3251 of the Code. Under this provision of the statute, the costs are to be fixed by the court at a sum not exceeding $10 and the necessary disbursements for printing. See Cassidy v. McFarland, supra. In the costs, as taxed by the clerk in the case at bar, no allowance is made for printing, but the sum of $3.94 is allowed for clerk's fees on entering judgment, affidavit, satisfaction piece, sheriff's fees, etc. The clerk was in no way directed or authorized by the general term order of January 31st to tax these items. Inasmuch as no disbursements were allowed in the order, the provision therein directing that "the order appealed from be affirmed, with costs to be taxed by the clerk," authorized that officer, at the utmost, to tax the costs at $10. If, therefore, we accept the respondent's theory of the case, that the only question raised is, not whether the order upon which the clerk acted was proper, but whether the clerk properly acted under said order, we must reach the conclusion that the clerk did not act properly under the order.

We are of opinion that there was no authority under the order in question to tax the disbursements above set forth. The order below

will therefore be modified by striking out these objectionable items, and, as thus modified, it will be affirmed, but without costs. All concur.