(26 Misc. Rep. 378.)

BURNELL v. COLES.

(Supreme Court, Appellate Term. February 24, 1899.)

1. COSTS—APPEAL.
   Code Civ. Proc. § 3251, subd. 3, providing for motion costs and certain disbursements on motions, does not apply to costs on appeal from an order or judgment.

2. SAME—JUDGMENT—ORDER.
   Under Code Civ. Proc. § 3251, subd. 4, giving to either party, on an appeal to the supreme court from an inferior court, as costs, before argument, $20, and for argument $40, there is no distinction between an appeal from a judgment and one from an order.

3. SAME.
   Where on reversal the supreme court directed that respondent should have costs of a motion denied, but failed to fix the amount, in taxing the costs it was proper to allow $10, the customary allowance.

4. SAME.
   The reversal of an order of a lower court, "with costs," means the costs of the appeal to the court allowing them, and does not include costs in intermediate courts.

5. SAME—DISBURSEMENTS.
   A reversal, "with costs," does not include disbursements, except in a final judgment, when, under Code Civ. Proc. § 3256, the successful party is entitled to charge for certain necessary disbursements.

Appeal from city court of New York, general term.

Action by Blanche A. Burnell against William F. Coles. From an order of the general term of the city court affirming an order of the special term denying a motion to vacate and set aside a bill of costs taxed in favor of plaintiff, defendant appeals. Modified.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Moore, Bleecker & Wheeler, for appellant.

Percival S. Jones (Henry J. McCormick, of counsel), for respondent.

FREEDMAN, P. J. Upon plaintiff's appeal to the appellate term of the supreme court, from the order of the general term of the city court affirming an order of the special term of the same court directing the issuance of an open commission, on defendant's application (51 N. Y. Supp. 172), the orders of the general and special terms were reversed, with costs, and the motion for an open commission denied, with costs (52 N. Y. Supp. 200). Plaintiff's costs and disbursements were thereupon taxed by the clerk at $141.55, and the taxation was sustained by the special and the general term of the city court. The objections taken by the defendant to the items allowed in the taxation call upon this court, upon the present appeal, to determine what costs and disbursements should have been taxed.

Subdivision 3 of section 3251 of the Code of Civil Procedure, in so far as it provides for motion costs and certain disbursements upon motions, has no application to the case at bar. The plaintiff did not succeed, at the appellate term, upon a motion, but upon an appeal duly and regularly taken from the decision of an inferior court. Neither have Cassidy v. McFarland, 139 N. Y. 208, 34 N. E. 893, and Zinsser v. Herrman, 24 Misc. Rep. 691, 53 N. Y. Supp. 778, any application; for

in each of these cases the power of the general term in allowing costs
and disbursements in the same court was considered.     Clark v. Sulli-
van (Sup.) 10 N. Y. Supp. 397, is also inapplicable, because, aside from
the fact that the question came up collaterally, the appeal was from
an order made by a county judge, which is quite a different matter
from an order of the county court.

For all that appears from the meager report of that case, the action
in which the county judge made the order may have been pending in
the supreme court, and the county judge may have and probably did
act in the place of a justice of the supreme court.     In the case at bar
the question is, what costs are taxable under the order of the appellate
term reversing the orders of the general term and of the special term
of the city court, with costs, and denying defendant's motion, with
costs?.

This adjudication was the result of an appeal from the city court to
the appellate term of the supreme court, and the costs upon such an
appeal are regulated by subdivision 4 of section 3251.     That subdi-
vision gives to either party, upon an appeal to the supreme court from
an inferior court, $20 before argument, and $40 for argument;  and
that under it no distinction can be made between an appeal from an
order and an appeal from a judgment has been held in Goodridge v.
Connor, 66 How. Prac. 143, per McAdam, J., and in Cusick v. Adams,
47 Hun, 455, per Fish, J.     Prior to 1896, appeals from the city court
were heard by the general term of the court of common pleas, and at
that time section 1276 of the consolidation act, as well as subdivision
4 of section 3251 of the Code, provided that either party, upon an ap-
peal to the court of common pleas, was entitled to $20 before argu-
ment, and for argument $40.     After the consolidation by constitu-
tional provision of the court of common pleas with the supreme court,
and the transfer of the jurisdiction over said appeals to the supreme
court, subdivision 4 of section 3251 was amended by striking out the
reference to the court of common pleas, and leaving the remainder of
that subdivision as it now stands.     But the only change worked by
that amendment was that the same costs are now given by the pro-
vision "to either party upon an appeal to the supreme court from an
inferior court."     The intent of subdivision 4 of section 3251, as point-
ed out by Mr. Justice Fish in Cusick v. Adams, supra, is to give the pre-
vailing party, upon an appeal to the supreme court from an inferior
court, the same costs when the appeal is from an order as when it is
from a judgment.     The reasons assigned by Mr. Justice Fish for
reaching that conclusion seem to me to be unanswerable, however
much I may regret the result, but the remedy is with the legislature.
The order appealed from is therefore correct in so far as it allows
to the plaintiff, as costs of the appeal to this court, $20 before argu-
ment, and $40 for argument.     It is also correct in so far as it allows
$10 costs on the denial of the motion.     These motion costs should
have been fixed by the order of reversal, but, as the customary allow-
ance is the full sum of $10, the direction of this court that the re-
spondent should have costs of the motion was properly deemed a di-
rection that he have the full amount.     Beyond these motion costs, no
costs were awarded for any proceeding in the city court.     The re-

versal of the orders of the city court, with costs, meant the costs of the appeal to this court. The additional allowance in the bill of costs, as taxed, of $10 costs of reversal of the order of the general term, and of $10 costs of reversal of the order of the special term, was therefore unauthorized and improper. For the same reason, no disbursements should have been taxed, for the order of reversal allowed none.

Under section 3256 of the Code, a party to whom costs are awarded in an action is entitled to include in his bill of costs certain disbursements enumerated in said section, if shown to have been necessarily incurred. This refers to a party finally successful in the action. In any other case in which disbursements may be granted as incidental to interlocutory costs, they must be specifically allowed.

For the foregoing reasons, the order appealed from should be modified by reducing the amount of the plaintiff's taxable costs to the sum of $70, and, as thus modified, it should be affirmed, without costs to either party. All concur.