tered into was subsequently declared, by a judgment of the supreme court, to be void and in violation of the law of this state; but it was just this combination, and no other, that was suggested, and thus only for his services in bringing about this combination he could recover. It is not necessary to determine in this action whether or not the fact that such an agreement was illegal and void as to the corporation entering into it is a bar to his recovery, as the defendants have pleaded the statute of limitations, and it is quite clear that whatever liability there existed under the plaintiff's employment was barred by the statute six years after the cause of action accrued by the combination under the trust agreement. The subsequent organization of the American Sugar-Refining Company, to whom was transferred all the properties held by the individuals or corporations who executed this trust agreement, was no part of the plan which plaintiff was employed to effectuate, and he had no part in the formation or organization of that corporation. It was the creation of this combination of the various sugar refineries under an agreement such as that executed in 1887 that the plaintiff, according to his testimony, was employed to bring about; and it was for the services that he rendered in furtherance of that object for which he was entitled to recover, if he was entitled to recover at all. His right to compensation, if any, accrued under his contract with the defendants, as testified to by him, when that combination was finally consummated; and this is the test that is applied in determining whether a cause of action has accrued, so that the statute of limitations would commence to run. Adams v. Bank, 36 N. Y. 260; Peck v. Steamship Co., 5 Bosw. 234.

As the plaintiff's claim was barred by the statute of limitations, the courts correctly dismissed the complaint, and for that reason we think the judgment was right and should be affirmed, with costs. All concur.

(58 App. Div. 85.)

### In re BOLTE.

(Supreme Court, Appellate Division, First Department. February 8, 1901.)

1. APPEAL AND ERROR—COSTS—DISBURSEMENTS—ALLOWANCE.

Where, on appeal, an order of the surrogate court was reversed, with costs, it was error for the surrogate to tax as disbursements two items for printing,—one for the case and the other for the points on appeal,— he not being directed on the appeal to tax disbursements; since Code Civ. Proc. §§ 3251, 3256, prescribing the amount of costs, and allowing as such the reasonable expenses of printing the papers for a hearing, applies to actions, and not to orders of the surrogate's court.

2. SAME—ORDER—AMENDING.

On appeal from an order taxing costs, where the order reversing an order with costs did not permit disbursements for printing case and points on appeal to be taxed, the appellate court will not amend its prior order of reversal, so as to affirm the order taxing costs, without giving the opposing party an opportunity to be heard, but he will be given leave to apply for a resettlement of the prior order, to the extent of allowing him his disbursements incurred on the former appeal, and directing their taxation.

Appeal from order of surrogate.

Judicial settlement of the accounts of Herman Bolte, as executor, etc. From an order of the surrogate taxing disbursements on appeal, the executor appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Henry M. Goldfogle, for appellant.
Louis Cohen, for respondent.

McLAUGHLIN, J. On the 29th of December, 1899, an order was made by the surrogate's court in this proceeding, which, on appeal to this court, was reversed, with costs. The present respondent thereupon moved to make the order of this court the order of the surrogate's court, and, such motion having been granted, a bill of costs and disbursements was noticed for taxation. This bill included, among other disbursements, two items for printing,—one the case, and the other the points on the appeal,—aggregating $84.28. The executor (the present appellant) opposed the taxation, and objected to the allowance of these two items. The surrogate overruled the objection, and from the order taxing the same the executor has appealed.

We think the order, so far as it is appealed from, must be reversed, on the authority of Cassidy v. McFarland, 139 N. Y. 209, 34 N. E. 893. That case seems to be controlling on the question presented. The court there held that a taxing officer might be directed to tax disbursements, but, unless such direction were given on appeal from an order, such officer had no authority to determine or tax the same. Here no such direction was given. The order was reversed, "with costs." Nothing was said as to disbursements, and therefore the taxing officer—the surrogate—had no authority or power to tax any disbursements whatever. Sections 3251 and 3256 of the Code of Civil Procedure apply to actions and not to orders of the surrogate's court.

It is suggested that, inasmuch as the court has control over its own judgments and orders, if the prior order awarding costs did not permit the disbursements referred to to be taxed, then the court on this appeal should amend that order, for the purpose of affirming the present order. We do not think this should be done without giving the opposing party an opportunity to be heard on that question. We are, however, of the opinion that leave should be given to the respondent on this appeal to apply for a resettlement of the prior order of this court, to the extent of allowing him his disbursements incurred on the former appeal, and directing their taxation. So much of the order as is appealed from is therefore reversed, with $10 costs to the appellant, with leave to the respondent to apply, on proper notice, for a resettlement of the prior order of this court, to the extent and in the manner indicated. All concur.