(86 App. Div. 563.)

## In re BABCOCK'S ESTATE.

(Supreme Court, Appellate Division, Third Department. September 15, 1903.)

1. COSTS—ON APPEAL IN SPECIAL PROCEEDING—GENERAL AWARD.

Under Code Civ. Proc. § 3240, providing that costs in a special proceeding instituted in a court of record, or on an appeal in a special proceeding, taken to a court of record, where the costs thereof are not specially regulated in this act, may be awarded, in the discretion of the court, at the rates allowed for similar services in an action brought in the same court, or an appeal from a judgment taken to the same court, and in like manner, and section 3256, providing that a party to whom costs are awarded in an action is entitled to include in his bill of costs certain specified disbursements, authorizes the award of costs in general term by the supreme court, on appeal from the final order of the surrogate in a proceeding under the transfer tax laws to assess the tax.

2. SAME—ON DENIAL OF UNNECESSARY MOTION INDUCED BY OTHER PARTIES.

Costs will not be allowed on refusal of motion to amend an order on appeal for costs, where the order needs no amendment; the motion having been induced by opposition of the other party to taxation of the costs below, on the ground that such order was not sufficient.

Appeal from Surrogate's Court, Delaware County.

In the matter of the appraisal, under the taxable transfer laws, of the property of Amelia N. Babcock, late of the town of Deposit, Delaware county, deceased. The comptroller of the state moves to amend an order for costs. Denied.

See 81 N. Y. Supp. 1117.

A proceeding was instituted, under the provisions of the transfer tax laws (Laws 1896, p. 795, c. 908), before the surrogate of Delaware county to assess the tax upon the property devised and bequeathed by the will of Amelia N. Babcock, deceased. On September 23, 1901, such surrogate, upon the report of an appraiser duly appointed in such proceeding, made an order decreeing that the property was amenable to the tax, and assessing the amount thereof upon the several legatees named in the will. Thereafter an appeal was taken, by parties interested, from such assessment to said surrogate, who made and entered a final order or decision vacating and setting aside the assessment so made. From this decision the comptroller of the state appealed to this court, where the decree of the surrogate was in all respects affirmed, with costs to appellant against the respondent. Thereafter the appellant's effort to tax his costs upon such appeal, as from a judgment in an action, and to have the surrogate make such order as was necessary to give effect to the same, was resisted by the respondent, on the ground that under the order of affirmance the appellant was not entitled to any costs, for the reason that the amount or rate thereof was not fixed by the appellate court, and that he was not entitled to any disbursements, because none whatever were given by said order of affirmance. It was also claimed by the respondent that no more than $10 could be lawfully awarded as costs upon said appeal. The surrogate held that such objection was well taken, and the appellant thereupon makes this motion to this court to correct its order of affirmance, so as to specify the amount of costs and disbursements intended and allowed thereby.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Curtiss, Arms & Keenan, for the motion.

Barna Johnson, opposed.

PER CURIAM. The order which we are now asked to resettle was made on an appeal taken from a final order in a special proceed-

ing, and the provisions of section 3240 of the Code of Civil Procedure are therefore applicable to it. Under such section, the question whether the appellate court should or should not award costs to the prevailing party was one resting in its discretion. When so awarded, the section itself provides that they shall be at the rates allowed upon an appeal from a judgment taken to the same court, and in like manner. When, therefore, this court determined that costs should be awarded to the appellant, and so directed in its order of affirmance, it was not necessary for it to specify the rate nor the items which were so allowed; they were to be ascertained in the same manner that costs on appeal from a judgment are ascertained, viz., by taxation. Neither was it necessary to specify that disbursements, as well as costs, were awarded, for, under the provisions of section 3256, the award of costs carries with it certain disbursements therein particularly specified, and, so far as they are therein specified, the appellant may tax them as a part of the costs which this court awarded him.

The authorities relied upon by the respondent's attorneys and by the surrogate are in cases where the order of affirmance was made upon an appeal taken from a mere order incidental to the proceeding, and in no sense a final one, and what is said in those cases has reference to such situation only. In those cases section 3236 and subdivision 3 of section 3251 of the Code of Civil Procedure control. The order of this court, as handed down, therefore, expressed all that' was necessary to authorize the appellant to tax his costs and disbursements as on appeal from a judgment in an action, and this application to amend or resettle such order is not necessary, and must be denied. On its face it is authority to the surrogate of Delaware county to tax the costs as above suggested, and to authorize the surrogate to make such order as was necessary to give effect to the amount so fixed.

The appellant having made the proper claim, and been denied it by the respondent, no costs are allowed against him on this motion.

*Motion denied, without costs to either party.*