## WILSON v. LANGE.

### (Supreme Court, Appellate Term. November 6, 1903.)

1. APPEALS FROM CITY COURT—COSTS—DISBURSEMENTS.

Under Code Civ. Proc. § 3251, subd. 4, as amended (Laws 1902, p. 1233), providing that, in all appeals taken under section 3189, the costs awarded to the successful party shall not exceed $10, in addition to taxable disbursements, where an order of the Special Term of the New York City Court was reversed on appeal to the Supreme Court, "with costs," without reference to disbursements, the appellant was not entitled to tax disbursements.

Appeal from City Court of New York, Special Term.

Action by Lucius A. Wilson against Louis B. Lange. From an order denying a motion for retaxation of costs, plaintiff appeals. Reversed.

See 83 N. Y. Supp. 180.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Herbert S. Barnes, for appellant.
George E. Cogswell, for respondent.

BISCHOFF, J. Under an order of this court reversing an order of the Special Term below, "with costs" to the appellant, the clerk taxed disbursements over the plaintiff's objection, and the propriety of the taxation of disbursements as a whole—not as to the character of the items—is presented upon this appeal.

That disbursements do not follow an award of costs on appeal from an order, without express direction, where the statute applicable provides for the fixing of costs at a sum "not exceeding ten dollars besides necessary disbursements" (Code, § 3251, subd. 3), has been directly determined. Cassidy v. McFarland, 139 N. Y. 201, 208, 34 N. E. 893; In re Steencken, 58 App. Div. 85, 68 N. Y. Supp. 444. This provision of the statute, relating to motion costs, governs appeals to the Appellate Division from orders of the Supreme Court, while the matter of costs on appeal from an order of the City Court is covered by subdivision 4 of section 3251, as amended in 1902 (Laws 1902, p. 1233), in the following words: "In all appeals taken under section 3189, costs awarded to the successful party shall not exceed ten dollars in addition to taxable disbursements." Prior to this amendment the condition of the statute upon the subject was such that costs of appeal from an order of the City Court were the same as on an appeal from a judgment (Burnell v. Coles, 26 Misc. Rep. 378, 56 N. Y. Supp. 208), and to correct this was evidently the purpose of the amendment. No reason suggests itself for assuming that the Legislature intended to place a successful party, on appeal from an order of the City Court, in a better position, as to costs, than would be enjoyed were the appeal from an order of the Supreme Court; and, comparing the language of subdivisions 3 and 4, there is no apparent difference in their meaning, so far as to make disbursements recoverable as of right under the latter.

The words "besides necessary disbursements" (subdivision 3), and "in addition to taxable disbursements" (subdivision 4), could equally imply that the award of disbursements followed the award of costs; and the judicial construction which calls for an express allowance of disbursements in the one case is equally applicable to the other, especially where the situation is such that the probable intention was to have the words mean the same thing. Employment of the word "taxable" instead of "necessary" does not change the meaning, for either word relates, not to the allowance of disbursements, but wholly to the quality or character of the items which satisfy the item.

We conclude that subdivision 4 of section 3251 expresses not a statutory award, but a limit within which the court's discretion may be exercised, and that disbursements, not having been allowed, were not to be taxed.

Order reversed, with $10 costs, in addition to taxable disbursements, and motion for retaxation granted. All concur.