(110 App. Div. 149.)

### GRANT v. PRATT & LAMBERT.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

1. Costs—Payment as Condition of Amendment—Retaxation of Disbursements.

Disbursements actually paid pursuant to an order granting leave to amend the answer on payment of the taxable costs to date may not be again taxed.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Costs, § 581.]

2. Same—Taxation of Actual Costs.

Where after appeals defendants amend their answer, by withdrawing an admission and inserting in lieu thereof a denial of a material allegation of the complaint, pursuant to, and after payment of costs as provided by, an order granting leave to amend on payment of the taxable costs to date, plaintiff may, on thereafter recovering judgment, tax all actual costs allowed to the successful party, all costs before and after notice of trial, and all costs subsequent to the amendment, omitting, however, the costs of the prior appeals.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Costs, § 581.]

Appeal from Special Term, New York County.

Action by W. Wallace Grant against Pratt & Lambert. From an order denying motion to retax costs, plaintiff appeals. Modified.

See 84 N. Y. Supp. 983.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Edward M. Shepard, for appellant.
John G. Milburn, for respondent.

INGRAHAM, J.   In connection with the appeal from the judgment in this action (97 N. Y. Supp. 29) there was presented an appeal from an order which refused to tax certain costs and disbursements which had been paid by the defendant as a condition for allowing the defendant to amend its answer.   This question arises as follows: After the second appeal to this court the defendant moved in the court below for leave to amend its answer by withdrawing an admission and inserting in lieu thereof a denial of a material allegation of the complaint.   This motion was granted upon condition that the defendant should, within 30 days after the date of the order, "pay to the plaintiff, or to his attorneys, the amount of the plaintiff's taxable costs herein to date, then and thereupon the said motion for permission to amend the defendant's answer in accordance with the terms of the said amended answer verified December 8, 1903, and for leave to serve such amended.answer, be, and it hereby is, granted."   In pursuance of this leave the defendant paid to the plaintiff his taxable costs to date, amounting in all to the sum of $785.54.   This item of $785.54 was made up of $509.94 disbursements and $275.60 costs.   It is clear that the plaintiff was not entitled to again tax the disbursements that had been incurred prior to the amendment and which as a condition for allowing the amendment had been actually paid by the defendant.   Disbursements when inserted in a bill of costs are for the purpose of reimbursing the successful parties for the moneys that he. has disbursed during the pendency of the action which, under the Code, are to be paid by the defeated party; but when these disbursements have been paid by the defeated party, whether as a condition for an amendment or otherwise, they have been fairly paid by the party whose duty it was to pay them.

As to the actual costs allowed to the successful party, a different question is presented.   When the amended answer was allowed the issues presented were changed, and in substance the plaintiff was compelled to begin a new action.   He had before that time relied upon the admissions in the answer as to a breach of the contract by the defendant.   All the legal and chargeable costs and disbursements, including the taxable costs up to that time, to which the plaintiff would be entitled in case he succeeded, were paid as a condition for allowing the amendment.   From thence on the plaintiff was compelled to proceed as if it had at that time instituted a new action.   It is true that it did not have to prepare a new complaint; but, with the exception of the preparation of a new complaint, all of the acts necessary to be done in preparing the case for trial and bringing it on for trial had to be performed again, with the same effect as if the action had at the time of the amendment been discontinued and a new action commenced.   I think, therefore, that upon obtaining a judgment in his favor the plaintiff was entitled to tax the costs before notice for trial, after notice of trial, with the term fee and the costs for all subsequent proceedings. So far as the costs of the appeals were included within this bill of costs, it seems to me clear that the plaintiff was not entitled to tax those items again.   Costs were allowed to the plaintiff for his successful efforts to have reversed a judgment which had been.rendered against him; but, when those costs were once paid, the plaintiff could not re-

cover for the same services twice, as he would if he were entitled to tax the costs for the same appeal after they had once been taxed and paid. When those costs were paid, they were settled and discharged, as were the disbursements which the defendants had repaid to the plaintiff, and which, when they were paid, were settled and discharged.

There is nothing to show that the stenographer's minutes of the testimony taken on the trial, when the jury were discharged, were ordered for use at the subsequent trial, or that they were there used by the plaintiff. They were not, therefore, a necessary disbursement.

It follows that the order appealed from should be modified, by directing a retaxation and directing the clerk to tax all the costs before and after notice of trial, and all costs subsequent to the amendment, and, as modified, affirmed, without costs to either party on this appeal. All concur.