litigation is not notice to his client of matters not pertaining to that litigation. In ruling upon an objection to testimony, respecting the conversation with the defendant's counsel, the court said, "I understood it to be conceded in the testimony of the last witness that Mr. Kilsheimer was the counsel for the American Dock Company," to which the latter replied, "There will be no denial of that whatsoever." The only fair construction to be placed on that language is that Mr. Kilsheimer was the general counsel of the appellant at the time the notice was claimed to have been given, and there is no denial that that was the fact. Notice to him respecting a matter in which he was authorized to act for his employer was notice to the latter. Obviously, if a written notice of the second suit had been mailed to the office of the appellant, it would merely have been referred to its counsel, precisely as the written notice given was referred. The general employment of a lawyer by a corporation to act for it in all legal matters is very different from a special employment in a particular matter. Having made the admission above referred to, the defendant should have proved, if it claimed it to be the fact, that Mr. Kilsheimer did not have authority to receive notice on its behalf; but no such claim was made on the trial. No particular form of notice is required, and it is plain that the notice testified to was sufficient. Oceanic Steam Nav. Co. v. Co. T. E., 144 N. Y. 663, 39 N. E. 360.

There may be some doubt whether the plaintiffs, upon the proof in this record, were entitled to recover the costs of the appeals and the expense of prosecuting them; but the only question raised on that branch of the case relates to the sufficiency of the proof that the disbursements were reasonable, and we think there was sufficient evidence on that head to support the verdict.

We have examined the numerous exceptions called to our attention by the appellant's brief, and find nothing requiring discussion in addition to what has already been said.

The judgment is affirmed.

Judgment and order unanimously affirmed, with costs. All concur.

---

In re PERRY.

(Supreme Court, Appellate Division, Second Department. March 12, 1909.)

1. Costs (§ 251*)—On Appeal—"Costs."
    In analogy to the provision of Code Civ. Proc. § 3256, entitling one to whom costs are awarded to include in his bill of costs his necessary disbursements, an award of "costs" on appeal from a surrogate's decree included disbursements; a judgment, "with costs," always including disbursements, except on appeals from orders.

    [Ed. Note.—For other cases, see Costs, Cent. Dig. § 959; Dec. Dig. § 251.*

    For other definitions, see Words and Phrases, vol. 2, pp. 1633–1640; vol. 8, p. 7620.].

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. EXECUTORS AND ADMINISTRATORS (§ 511*)—ACCOUNTING—APPEAL—COSTS—
PAYMENT OUT OF ESTATE.
    A decree modifying a decree of the Surrogate's Court settling the ac-
count of an executrix, with costs to the appellant, did not contemplate
payment of the costs out of the estate, not having expressly so provided.

    [Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. § 2257; Dec. Dig. § 511.*]

In the matter of judicial settlement of the account of Arline A.
Perry, as executrix of Anne Marchant Stacy, deceased. On motion
to amend the judgment of the Appellate Division modifying a decree
of the Surrogate's Court settling the account of the executrix. Motion
denied.

See, also, 114 N. Y. Supp. 246.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and
RICH, JJ.

Arnold Davidson, for the motion.

Charles W. Church, Jr., opposed.

GAYNOR, J.  It is not necessary to amend our judgment of modifi-
cation of the decree of the surrogate by adding the words "and dis-
bursements" to the words "with costs." The latter phrase includes
disbursements except in appeals from orders; following by analogy
in the case of surrogates' decrees or judgments the express provision
of section 3256 of the Code of Civil Procedure in respect of other
courts, viz., that "a party to whom costs are awarded in an action is
entitled to include in his bill of costs his necessary disbursements."
There is no foundation for the suggestion that under our order the
costs are to be paid out of the estate. If we meant that we would have
said it. To grant this motion would be to introduce a bad precedent.

The motion is denied without costs. All concur.