### MOSES v. MOSES et al.

(Supreme Court, Special Term, New York County. July, 1915.)

PLEADING ☞239—AMENDMENT TO PLEADING—"TAXABLE COSTS."

An order granting defendant's motion to amend his answer on payment of "taxable costs" to date and $10 costs of motion does not authorize taxation of disbursements, under the rule that an award of costs on a judgment in an action, or on a final order or decree in a special proceeding, carries with it taxable disbursements; but in any other case disbursements cannot properly be taxed, unless expressly awarded by the order allowing costs.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 626–635; Dec. Dig. ☞239.

For other definitions, see Words and Phrases, Taxable Costs.]

Action by Fannie Moses against Moses H. Moses and others. On motion for retaxation of costs. Granted.

Myers & Goldsmith, of New York City (William J. Bowman, of New York City, of counsel), for the motion.

Johnston & Johnston, of New York City (Benjamin E. Messler, of New York City, of counsel), opposed.

GIEGERICH, J. The defendants moved to amend their answer, and the motion was granted upon payment of taxable costs to date and $10 costs of this motion. Plaintiff, in her bill presented for taxation, included, besides $130 costs of the action, disbursements amounting to $130.36, and the bill was taxed as presented at $260.36. Defendants objected to the taxation of any disbursements and to one of the items of costs, which last item seems unobjectionable (Code Civ. Proc. § 3251), and they now move for a retaxation.

I think it was error to tax the disbursements, because they were not specified in the order by virtue of which the taxation was had. The precise question is not decided in any of the cases cited, but I think it sufficiently appears from several of them that the principle is that

an award of costs upon a judgment in an action or upon a final order or decree in a special proceeding carries with it the taxable disbursements (Matter of Perry, 131 App. Div. 284, 115 N. Y. Supp. 744; Matter of Babcock, 86 App. Div. 563, 83 N. Y. Supp. 1020), but that in any other case disbursements cannot properly be taxed unless expressly awarded by the order allowing costs (Ward v. Ward, 22 N. Y. Supp. 903, 905; Burnell v. Coles, 26 Misc. Rep. 378, 380, 56 N. Y. Supp. 208; Cassidy v. McFarland, 139 N. Y. 201, 209, 34 N. E. 893). The question did not arise in Grant v. Pratt & Lambert, 110 App. Div. 149, 97 N. Y. Supp. 38, cited by the plaintiff. There the disbursements had been voluntarily paid, and the question was whether payment could be compelled a second time.

Motion granted to the extent of directing a retaxation, which shall exclude all disbursements. Settle order on notice.