NATIONAL SURETY COMPANY, Respondent, *v.* WILLIAM H. SEAICH, Appellant.

First Department, May 17, 1918.

**Costs — practice upon allowance — form of allowance — retaxation.**

Where leave has been granted to serve a second amended complaint upon terms that the plaintiff should pay the defendant " a full bill of costs to date," and the first amended complaint has been served upon similar terms and the costs paid, and the clerk refuses to tax any part of the bill upon the granting of the second amendment, except ten dollars costs, the defendant is entitled to a retaxation of costs.

It is the common practice for the court upon granting a motion instead of specifying the exact amount of costs, to award " a full bill of costs to date," merely to insure against inadvertently fixing a sum which might exceed the taxable amount.        *        ,        .        ,        ,        ,

APPEAL by the defendant, William. H. Seaich, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of March, 1918, granting him leave to serve a second amended complaint, and also from an order entered in said clerk's office on the 1st day of April, 1918, denying his motion for a retaxation of costs.

*William J. Moran,* for the appellant.

*Albert K. Newman* of counsel [*J. Campbell Thompson,* attorney], for the respondent.

SHEARN, J.:

Leave was granted to serve a second amended complaint upon terms. The terms were that at the time of such service the plaintiff should pay the defendant " a full bill of costs to date." The first amended complaint had been served upon leave of the court and on similar terms, and the costs imposed had been paid. The defendant undertook to tax the second bill of costs to fix the amount of the plaintiff's liability and the clerk refused to tax any part of the bill except ten dollars costs. The action of the clerk was sustained at Special Term and defendant has appealed. When the court

allowed service of a second amended complaint upon payment of " a full bill of costs to date," it merely adopted a convenient form of measuring and fixing a sum of money which should be paid by the plaintiff, instead of specifying the sum, as might have been done. This is common practice and has doubtless been followed for years simply to insure against inadvertently fixing a sum payable as terms which might exceed taxable costs. It obviates the necessity of taking time at Special Term to ascertain whether the case has been noticed for trial, the number of terms that it has been on the calendar, if any, and the situation with reference to other steps and proceedings entitling a party to costs. These matters can be more conveniently determined by the clerk of the court on taxation. No duplication was involved in the order, as would have been the case if disbursements had been allowed. The court was not awarding the defendant statutory costs as such, but was merely imposing as terms the payment of a sum measured by the amount of taxable costs.

The order should, therefore, be reversed, with ten dollars costs and disbursements to appellant, and the motion for retaxation granted.

CLARKE, P. J., LAUGHLIN, SMITH and PAGE, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted.