GEORGE HADJOPOULOS, Appellant, *v.* EVANGELOS LUCA MANOUSSO, Respondent. (No. 1.)

First Department, May 27, 1921.

Costs — amendment of answer upon payment of taxable costs to date — ultimate recovery by plaintiff — amount of taxable costs paid on amendment not to be deducted — motion costs paid on amendment may be deducted.

Taxable costs including term fees, order for publication and costs for examination before trial, which the defendant was required to pay as a condition to amending his answer, may be taxed again as costs against the defendant on recovery of final judgment by the plaintiff.

The amount fixed to be paid by the defendant as a condition to granting leave to serve an amended answer was intended to reimburse the plaintiff in a measure for expense incurred in preparation which the amendment had rendered futile and in no manner affected the right of the successful party to statutory costs on final judgment.

However, the plaintiff was not entitled to tax as costs on the final judgment motion costs which the defendant paid as a condition for leave to serve

his amended answer since at that time they were not within the category of taxable costs, and having been included in the amount and paid they could not be taxed when final judgment was entered, and they were properly eliminated from the bill of costs as taxed.

APPEAL by the plaintiff, George Hadjopoulos, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of March, 1921, granting defendant's motion to retax costs and directing that costs heretofore taxed be modified.

*Robert Moers* [*Robert I. Rogin* with him on the brief], for the appellant.

*John F. O' Neil* of counsel [*J. Carl Becher*, attorney], for the respondent.

PAGE, J.:

An order was granted permitting the defendant to serve an amended answer upon payment of taxable costs to date. Costs were taxed at one hundred and twenty dollars, which the defendant paid. The items so taxed and paid were costs before notice of trial, after notice of trial, two motions, order for publication, examination of three parties before trial and three term fees. The action was tried and resulted in a judgment for the plaintiff. A bill of costs was taxed consisting of the above items, and in addition the following: Trial fee, trial occupying more than two days, attachment allowance, four term fees and disbursements amounting in the aggregate to two hundred and ninety-one dollars and forty-four cents. An order was entered upon defendant's motion retaxing the costs by striking from the bill the following items: Three term fees, thirty dollars; order of publication, ten dollars; costs of two motions, twenty dollars; costs of examination before trial of three parties, thirty dollars. The reason given by the court at Special Term was that as these costs had been paid, the plaintiff was only entitled to costs before and after notice of trial, and the costs of subsequent proceedings, and he relied upon the case of *Grant* v. *Pratt & Lambert* (110 App. Div. 149) the head note of which he quoted. The head note is misleading. The opinion states that " the plaintiff was

not entitled to again tax the disbursements that had been incurred prior to the amendment and which as a condition for allowing the amendment had been actually paid by the defendant."

The other question considered by the court was the right to tax costs of an appeal which had been determined prior to the amendment and paid by the defendant; and the court held that they could not again be taxed, and limited the taxation to the costs before and after notice of trial and all costs subsequent to the amendment, treating those costs as though there were a new action. Any doubt upon this question which may have arisen from prior conflicting opinions was resolved in the case of *National Surety Company* v. *Seaich* (183 App. Div. 110) in which this court held that when the court at Special Term permitted the service of a second amended complaint " upon payment of ' a full bill of costs to date' it merely adopted a convenient form of measuring and fixing a sum of money which should be paid by the plaintiff, instead of specifying the sum, as might have been done. * * * The court was not awarding the defendant statutory costs as such, but was merely imposing as terms the payment of a sum measured by the amount of taxable costs." We held that costs taxed and paid upon the leave given to serve the first amended complaint should again be taxed and paid as a condition for the second amendment.

The amount fixed to be paid by the defendant as a condition for leave to serve an amended answer was intended to reimburse the plaintiff in a measure for expense incurred in preparation which the amendment had rendered futile, and in no manner affected the right to statutory costs on final judgment to the successful party. Therefore, the plaintiff was entitled to tax again the items of the three term fees, order of publication and costs for examination before trial. (See Code Civ. Proc. § 3251.)

A different question arises as to the costs of the two motions. Section 779 of the Code of Civil Procedure provides how motion costs shall be collected and they are not taxable unless they have not been paid at the time when the final judgment is entered. They were not, therefore, within the category of taxable costs when the answer was

amended. But having been included in the amount and paid, they could not be taxed when final judgment was entered, and were properly eliminated from the bill of costs as taxed.

The order will, therefore, be modified by striking therefrom the following item: "3 Term fees, amount to $30.00, Order of Publication $10.00, * * * Cost of examination before trial of three parties $30.00," and as modified affirmed, with ten dollars costs and disbursements to the appellant.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Order modified as directed in opinion and as so modified affirmed, with ten dollars costs and disbursements to appellant.